UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 8:21-cr-348-SCB-SPF

JEREMY BROWN

_____/

**ORDER**

Before the Court is defendant Jeremy Brown's ("Defendant") Motion for Pretrial Release[1] (Doc. 27), and the United States' response in opposition (Doc. 43). On October 5, 2021, the Court held a detention hearing pursuant to 18 U.S.C. § 3142(f). After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concluded that Brown must be detained pending trial because the Government had proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. (Doc. 19). In particular, the Court found that Brown posed a danger to law enforcement officials, including those that would be tasked with supervising Brown should he be release with conditions. (*Id.*).

Under 18 U.S.C. § 3142(f), a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and

---

[1] The Court construes Brown's motion as a request to reopen his detention hearing pursuant to 18 U.S.C. § 3142(f)(2).

that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." This statutory "provision is, in effect, a codification of a court's inherent reconsideration authority tempered by the understanding that, to promote finality, preserve judicial resources, and discourage piecemeal presentations, a court should not reconsider a decision based on information that could have been presented the first time around." *United States v. Pon*, 2014 WL 3340584, at *3, 9 (M.D. Fla. May 29, 2014).

In support of his motion, Brown asserts that, after the detention hearing, he obtained: (1) personal testimonials from six character witnesses; (2) videos and photographs taken at the time of his arrest; (3) an audio recording he made of an interview with the FBI in December 2020; and (4) general references to his "long history of support and respect for law enforcement." (Doc. 27). As the Government points out, however, Brown "raised much of this 'new' information at the detention hearing, and all of it existed at the time of the [detention] hearing or was otherwise knowable to [Brown]." (Doc. 43). For example, Brown does not contend that his character witnesses were "not known" to him at the time of the detention hearing. Likewise, the remaining evidence was clearly known by Brown and predates the detention hearing. Accordingly, Brown has failed to satisfy the statutory standard for reopening his detention hearing. *See Pon*, 2014 WL 3340584, at *9 (concluding that the information that the defendant presented to support his reopening and reconsideration motions were all available to him, either within his personal knowledge and or a matter of common knowledge). Nothing has been offered

in the nature of new evidence that would cause the Court to reopen the hearing or change the outcome.  *United States v. Al-Bataineh*, No. 8:14-CR-208-T-30EAJ, 2014 WL 2968130, at *2 (M.D. Fla. July 1, 2014).

Accordingly, Defendant's Motion for Pretrial Release (Doc. 27) is **DENIED WITHOUT PREJUDICE**.

**ORDERED** in Tampa, Florida, this 11th day of November 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE