UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:21-cr-348-SCB-SPF

JEREMY BROWN

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR RECONSIDERATION**

The United States of America hereby opposes the motion of the Defendant, Jeremy Brown, for reconsideration of the Court's order denying without prejudice the Defendant's motion to reopen the detention hearing (Doc. 49).

**MEMORANDUM OF LAW**

In the instant motion, the Defendant asks the Court to reconsider its November 11, 2021, ruling that the Defendant had failed to satisfy the statutory standard for reopening his detention hearing under 18 U.S.C. § 3142(f). The motion, however, is silent as to the standard for reconsideration. Indeed, in repeating the now-inapplicable standard for reopening under section 3142(f), the Defendant merely urges the Court to revisit the same arguments that the Defendant advanced in his earlier motion. Reconsideration is not warranted under these circumstances.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011) (citing *United States v. Phillips*,

597 F.3d 1190, 1199–1200 (11th Cir. 2010)). In deciding such motions, courts in this District look to the standards governing motions for reconsideration in civil cases, where this "*extraordinary remedy* . . . will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice." *United States v. Okonkwo*, 2020 WL 5264914, at *1 (M.D. Fla. Aug. 10, 2020) (Byron, J.) (citations omitted and emphasis added).

Critically, "[a] motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined." *United States v. Ford*, 2015 WL 13298356, at *1 (M.D. Fla. Oct. 15, 2015) (Bucklew, J.) (quoting *Bankers Life Ins. Co. v. Credit Suisse First Boston Corp.*, 2008 WL 4372847, at *1 (M.D. Fla. Sept. 24, 2008)). "It is wholly inappropriate in a motion for reconsideration to relitigate the merits of the case or to 'vent dissatisfaction with the Court's reasoning.'" *Okonkwo*, 2020 WL 5264914, at *1 (quoting *Madura v. BAC Home Loans Servicing L.P.*, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013)). "Instead, the moving party must set forth strongly convincing reasons for the Court to change its prior decision." *Id.* (quotations omitted).

The Defendant has failed to do so here. He has not established (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time this Court denied the motion to reopen his detention hearing; or (3) the need to correct clear error or manifest injustice. At bottom, the Defendant believes that the Court erred by not taking into consideration what the Defendant apparently could

2

not have known at the time of the initial hearing. But in so arguing, the Defendant essentially claims that he could not have known that the Court would interpret a sign articulating an express threat to law enforcement as a threat to law enforcement. That the Defendant failed to appreciate the obvious significance of the sign at the initial hearing does not transform the evidence that he now wishes to present into something new or otherwise not known to him. In any event, the Defendant already made this argument in support of his motion to reopen, and the Court has already considered it. There is no clear error or manifest injustice to correct.

The Defendant attempts to undermine the cases on which the United States relied in its response to the Defendant's motion to reopen the detention hearing. Setting aside the inappropriateness of raising such merits arguments on reconsideration, the Defendant nevertheless misses the mark. The issue before the Court in the Defendant's earlier motion was not whether the Defendant could or should have read the Court's mind at the initial hearing; rather, the issue was whether the Defendant then was in a position to present the evidence that he now wishes to offer to negate the government's evidence bearing on the factors in section 3142(g), namely the danger to any person or the community that would be posed by the Defendant's release. As the United States stated in its earlier response, the witnesses that the Defendant now wishes to present presumably would have testified favorably as to the Defendant's lack of dangerousness—regardless of the Court's interpretation of the sign. And, again, just as the government was allowed additional time to prepare for the hearing, the Defendant certainly could have asked for a

continuance to vet the evidence presented and assemble his witnesses. *See* 18 U.S.C. § 3142(f) (explaining that both the Defendant and the government may move for a continuance of the detention hearing). The Court, therefore, committed no error in denying without prejudice the Defendant's motion under section 3142(f).

"Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Okonkwo*, 2020 WL 5264914, at *1 (quotations omitted). The Defendant has failed to establish that doing so here is warranted.

## CONCLUSION

For all of the foregoing reasons, the Court should deny the Defendant's motion for reconsideration.

Respectfully submitted,

KARIN HOPPMANN
Acting United States Attorney

By:  */s/ Risha Asokan*
      Risha Asokan
      Assistant United States Attorney
      Florida Bar No. 1003398
      400 N. Tampa Street, Suite 3200
      Tampa, Florida 33602-4798
      Telephone:  (813) 274-6000
      Facsimile:  (813) 274-6358
      E-mail:  risha.asokan2@usdoj.gov

U.S. v. Jeremy Brown						Case No. 8:21-cr-348-SCB-SPF

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    William Sansone, Esq.

                                      /s/ Risha Asokan
                                      Risha Asokan
                                      Assistant United States Attorney
                                      Florida Bar No. 1003398
                                      400 N. Tampa Street, Suite 3200
                                      Tampa, Florida 33602-4798
                                      Telephone:  (813) 274-6000
                                      Facsimile:   (813) 274-6358
                                      E-mail:        risha.asokan2@usdoj.gov