UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No. 8:21-cr-348-SCB-SPF

JEREMY BROWN

**EMERGENCY MOTION TO PREVENT DISSIPATION
OF ASSETS RESERVED FOR CJA REIMBURSMENT**

Jeremy Brown, who was appointed CJA counsel, has raised $51,942 for his legal defense through a crowdfunding webpage. The United States requests, pursuant to 18 U.S.C. § 3006A(f) and the All Writs Act, 28 U.S.C. § 1651, that this Court enter an order to preserve the status quo by prohibiting GiveSendGo LLC from disbursing any funds to Brown, his agents, or representatives so that, upon the conclusion of this case, the money raised for Brown's legal defense may be deposited into the Treasury to reimburse the CJA Fund.

I.     Background

On September 29, 2021, United States Magistrate Judge for the District of Columbia Robin M. Meriweather signed a warrant for Brown's arrest pursuant to a criminal complaint for entering restricted buildings and grounds at the U.S. Capitol on January 6, 2021, in violation of 18 U.S.C. § 1752(a)(1) and (2). Case No. 1:21-mj-00619. The next day, federal agents arrested Brown outside his home and executed warrants to search Brown's residence and RV for evidence related to the charged offenses.

During the search, federal agents found, among other things, a sawed-off shotgun and a short-barrel rifle that are not registered to the defendant in the National Firearm Registration and Transfer Record. Federal agents also found what appeared to be two, live military ordnance hand grenades in the Brown's RV. On Friday, October 1, 2021, this Court authorized the issuance of a criminal complaint charging the defendant with possession of unregistered firearms, in violation of the National Firearms Act, 26 U.S.C. § 5861(d). That same day, Brown made his initial appearance before this Court—who inquired about Brown's financial condition and appointed him CJA counsel. Docs. 4, 5, 9.

Since then, a crowdfunding webpage was created for Brown's legal defense. As of today, 806 people have given a total of $51,942:



*See* https://givesendgo.com/jeremybrowndefense. People are still donating.

Brown has established on jail calls and in inmate messages to third parties that he has control of the fundraising site. In an October 28, 2021, jail call, Brown directed his girlfriend, T.A., to update the GiveSendGo website to include his address. They also discussed other content on the page that Brown instructed T.A. to edit.

Brown also has stated that he intends to utilize the GiveSendGo donations to, among other things, pay a six-person public relations/activism task force, "Fighting for Liberty and Abolishment of American Gulags (FLAGG)," that he has assembled. For example, in a jail call from October 24 ,2021, Brown stated to the co-chair of FLAGG, K.T., that on the first and fifteenth day of each month, he will review the donations in the GiveSendGo account and disburse five percent of those funds raised in the fifteen-day period to K.T.

Additionally, in a November 1, 2021, inmate message, Brown set forth "first paycheck numbers" for his six-person task force. The message also expressly stated that from November 1 through November 14, there was $1023 available for "approved expenses," and that "anything not used will be rolled into legal." The next day, Brown stated in another message that those payment details were the "parameters" for funds raised from GiveSendGo, noting that the fundraising goal is $250,000.

Then, in a jail call on November 30, 2021, Brown told T.A. that their fundraising efforts bring in "five times" the amount of money that T.A. earns in her job. In a subsequent call with one of his friends, S.O., in early December 2021, Brown stated that T.A. should quit her job and fundraise instead, noting that they can live off those funds.

To preserve the status quo, this Court should prohibit GiveSendGo LLC from further disbursing any funds to Brown, his agents, or representatives so that, upon the conclusion of this case, the money raised for Brown's legal defense are used for that purpose—specifically, deposited into the Treasury to reimburse the CJA Fund.

## II. Legal Memorandum

The Criminal Justice Act requires district courts to provide legal counsel for criminal defendants charged with a felony when they are unable to pay for an attorney. 18 U.S.C. § 3006A(a)(1)(A). By that same token, the plain language of the CJA authorizes the court to order repayment of court-appointed attorney fees and expenses if it finds that the defendant is financially able to pay such fees. The statute provides:

> Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to … the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section.

18 U.S.C. § 3006A(f).

4

Section 3006A(f) is not limited in time. Rather, the CJA's reimbursement provision is extremely broad, permitting a court to require payment of CJA-funded defense costs "*[w]henever* … the court finds that funds are available for payment from or on behalf of a person furnished representation." 18 U.S.C. § 3006A(f) (emphasis added).

Here—although CJA counsel has not yet submitted a voucher as trial is preliminarily set for the trial term beginning on January 31, 2022—this Court has the authority to enter a reimbursement order now. *See United States v. Pacheco-Romero*, 995 F.3d 948, 959 (11th Cir. 2021) (affirming decision to order reimbursement of CJA fees before payment voucher submitted), *citing United States v. Robertson*, 980 F.3d 672, 677 (9th Cir. 2020) ("The plain language of [section 3006A(f)] makes it clear that the district court acted within its discretion when it ... ordered reimbursement and payment for future defense costs before sentencing." (internal quotation marks omitted)); 7A Guide to Judiciary Policy § 210.40.40 (instructing courts to "direct the person to pay the available excess funds to the clerk of the court at the time of [counsel's] appointment or from time to time after that").

That said, this Court must first "make an 'appropriate inquiry' as to the availability of the funds for payment as required under subsection (f)." *United States v. Homrighausen*, 366 F. App'x 76, 77 (11th Cir. 2010) (citing *United States v. Bursey*, 515 F.2d 1228, 1236, 1238 (5th Cir. 1975)). And, this Court "must base the reimbursement order on a finding that there are specific funds, assets, or asset

streams (or the fixed right to those funds, assets or asset streams) that are (1) identified by the court and (2) available to the defendant for the repayment of the court-appointed attorneys' fees." *United States v. Moore*, 666 F.3d 313, 322 (4th Cir. 2012).

Brown meets this criteria. As of today, January 3, 2022, Brown has access to $51,942 through GiveSendGo. People have donated money for the express purpose of paying for Brown's legal defense, and therefore, those funds should be used to reimburse the CJA Fund for the costs of Brown's representation. In turn, it is appropriate for this Court to issue an order—consistent with its previous determination to appoint CJA counsel, Doc. 5, 18 U.S.C. § 3006A(f), and the All Writs Act, 28 U.S.C. § 1651—to preserve the status quo and prevent the dissipation of assets. Because funds are still coming in, this Court should wait to order GiveSendGo to remit funds until the conclusion of the case.

Accordingly, the United States requests an order prohibiting the dissipation of assets in order to preserve the status quo and ensure that funds are available for Brown to repay the CJA Fund.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: */s/ Jillian M. Jewell*
JILLIAN M. JEWELL
Assistant United States Attorney
Florida Bar No. 112974
Financial Litigation Unit
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Telephone: (813) 274-6065
Facsimile: (813) 301-3103
E-Mail: FLUDocket.mailbox@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on January 3, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

                                                  */s/ Jillian M. Jewell*
                                                  JILLIAN M. JEWELL
                                                  Assistant United States Attorney