UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                Case No.  8:21-cr-348-SCB-SPF

JEREMY BROWN

_____/

### ORDER

Before the Court is the United States of America's Emergency[1] Motion to Prevent Dissipation of Assets Reserved for CJA Reimbursement (Doc. 80).  The United States specifically requests that that the Court enter an order prohibiting the dissipation of assets in the Jeremy Brown Defense Fund located on the GiveSendGo crowdfunding website, https://givesendgo.com/jeremybrowndefense, "in order to preserve the status quo and ensure that funds are available for Brown to repay the CJA Fund" (*Id.*).  The Court held an expedited hearing on January 5, 2022.  After granting defendant Jeremy Brown's oral motion to continue the hearing (Doc. 87), a subsequent hearing was held on January 19, 2022.  After making an appropriate inquiry into the availability of funds, the United States' motion is GRANTED in part, and DENIED in part, as follows:

---

[1] The Court finds that this motion did not present a genuine emergency.  The parties should be mindful that the improper filing of an emergency motion "unfairly disfavors other litigants who, despite expeditious prosecution of each case and scrupulous attention to each local and federal rule of procedure, must wait patiently while the court disposes of a feigned emergency." *Onward Healthcare, Inc., v. Runnels*, No. 6:12-cv-508, 2012 WL 1259074, at *2 (M.D. Fla. Apr. 13, 2012) (quotation omitted).

## DISCUSSION

At his initial appearance, the Court found that Brown qualified for a court-appointed attorney under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A (Doc.5). The CJA mandates that a court must furnish legal counsel to criminal defendants who are "financially unable to obtain counsel." 18 U.S.C. § 3006A(b). But "[w[]henever the United States magistrate judge or the [district judge] finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid . . . to the court for deposit in the Treasury as a reimbursement to the appropriation . . ." 18 U.S.C. § 3006A(f).

To satisfy the procedural requirements of § 3006A(f), a court must make an "appropriate inquiry" into the availability of funds. *United States v. Pacheco-Romero*, 995 F.3d 948, 957 (11th Cir.), cert. denied sub nom. *Lee v. United States*, 142 S. Ct. 487 (2021). To perform an "appropriate inquiry," a court must give an interested party "notice and an opportunity to be heard" on the funds-availability issue. *Id.* The Court conducted an appropriate inquiry at the January 5 and January 19 hearings.

Through its motion, the United States advised the Court that a crowdfunding webpage was created for Brown's legal defense (Doc. 80). The United States further advised that, as of January 3, 2022, "806 people have given a total of $51,942" to the Jeremy Brown Defense Fund (*Id.*). The United States represented that Brown, in recorded jail calls, gave instructions as to how those funds would be used (*Id.*).

At the January 5 hearing, Brown moved for a two-week continuance but offered to stipulate that no funds would be disbursed from the Jeremy Brown Defense Fund until the

Court ruled on the pending motion.  When pressed as to whether Brown had authority over those funds, his counsel represented: "Yes, he does have the authority" (Doc. 89).  Brown agreed, stating; "I have the authority."  (*Id.*).

At the January 19 hearing, however, Brown's counsel announced that a 501(c)(3) entity had been formed (Doc. 93).  He further stated that Brown "will not" have control over the funds (*Id.*).  Rather, "it's going to be through the 501(c)(3)" (*Id.*).  Despite the two-week continuance, counsel was unable to provide further details (*Id.*). Brown, however, clarified that organizers of the fund "are taking measures on my behalf" and that "they are not going to do anything with the funds without my approval because they are on my behalf" (*Id.*). Brown reiterated that "the funds are meant to support my defense" (*Id.*).  Moreover, when the Court asked Brown directly whether the funds were raised on his behalf, he stated yes, "those funds will be available" for his future legal defense (*Id.*).  While Brown did not intend to use the Jeremy Brown Defense Fund to reimburse the costs of his CJA attorney, the funds are nonetheless available for use on his behalf.

The Court now must determine what portion of those funds should be deposited into the Court registry.  The United States urges the Court to freeze the entire account, but there is no indication that Brown's CJA attorney will incur over $50,000 in fees and costs.  Indeed, the current attorney case compensation maximum under the CJA is $12,300.[2]  18 U.S.C. § 3006A(d)(2) (providing that the attorney case compensation maximums increase

---

[2] Payment in excess of this maximum amount may be made for "extended" or "complex" representation whenever the district judge certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit or his designee.  18 U.S.C. § 3006A(d)(3).

simultaneously by the aggregate percentage increases in the maximum hourly non-capital rate, rounded to the nearest $100).  Brown's CJA attorney has not yet submitted a voucher for payment[3] but estimates that he has incurred around $7,000 in fees to date.  He also anticipates reaching the attorney case compensation maximum.  Accordingly, it hereby

**ORDERED:**

1. The United States of America's Emergency Motion to Prevent Dissipation of Assets Reserved for CJA Reimbursement (Doc. 80) is GRANTED to the extent that:

   a. Defendant Jeremy Brown shall deposit $12,300 into the Court registry by no later than January 31, 2022; and

   b. CJA Attorney William F. Sansone shall notify the Court immediately should he reasonably anticipate that his fees and costs will exceed $12,300.

2. The United States' motion is otherwise DENIED WITHOUT PREJUDICE.

**ORDERED** in Tampa, Florida, this 24th day of January 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court may order payment of funds into the court registry prior to the submission of a CJA voucher.  *See Pacheco-Romero*, 995 F.3d at 959 ("Lastly, we evaluate the appellants' argument that the district court should not have ordered them to pay over any funds until after appointed counsel submitted their CJA payment vouchers. This argument also fails."); *see also United States v. Robertson*, 980 F.3d 672, 677 (9th Cir. 2020) ("The plain language of [section 3006A(f)] makes it clear that the district court acted within its discretion when it ... ordered reimbursement and payment for future defense costs before sentencing.") (internal quotation marks omitted).