# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                             Case No.: 8:21-CR-348-SCB-SPF

**JEREMY BROWN**

_____/

## RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW, the Defendant, JEREMY BROWN, and files this response to the Court's Order to Show Cause. Doc. 100. In sum, this Court should not hold Mr. Brown in contempt for failing to comply with this Court's Order directing him to deposit $12,300.00 from the Jeremy Defense Fund into the Court registry, because as stated more fully below and in the attached letter, Mr. Brown has no control over the funds. In support, Mr. Brown states the following:

1. On February 2, 2022, this Court issued an order show cause as to why Mr. Brown should not be held in contempt for failing to comply with this Court's Order directing him to deposit funds into Court registry. Doc. 100.

2. The Court found that Mr. Brown had financial control over https://givesendgo.com/jeremybrowndefense Jeremy Brown Defense Fund located on the Give Send Go crowdfunding website. Doc. 97. At the time of the hearing, the website had raised $51,942.

3. As such, this Court ordered that Mr. Brown deposit $12,300.00 from the funds raised by this website into the Court registry no later than January 31, 2022 to potentially pay or reimburse the Court for his Criminal Justice Act ("CJA") attorney's fees.

4. Mr. Brown, who is being held without bond at the Pinellas County Jail, did not deposit any money from the fund into the Court registry by January 31, 2022, because Mr. Brown has no access to and does not control the money in the fund.

5. The money from the fund is in a trust and controlled by a Trustee.

6. Attached to this response is a letter from Carolyn Stewart. Ms. Stewart is the attorney the Trustee. See attached letter.

7. As the letter states, Mr. Brown has no control over the funds that have been raised by Give Send Go website. The funds are held in trust.

8. Therefore, because Mr. Brown has no authority to release the money in trust to anyone for any reason, Mr. Brown was unable to direct that $12,300.00 from the trust be deposited in the Court registry.

9. Accordingly, we ask this Court, based on the attached letter, not hold Mr. Brown in contempt of this Court's Order, because Mr. Brown had no legal ability to comply with this Court's Order.

WHEREFORE, for the reasons stated herein, Mr. Brown respectfully requests that this Honorable Court not find Mr. Brown in contempt for failing to comply with this Court's Order directing him to deposit $12,300.00 from the Jeremy Defense Fund into the Court registry.

I HEREBY CERTIFY that a copy of the foregoing response has been furnished by electronic filing using the CM/ECF system to Risha Asokan, United States Attorney's Office, this 8th day of February, 2022.

Respectfully submitted,

s/William Sansone
WILLIAM SANSONE, ESQUIRE
Sansone Law, P.A.
609 West De Leon Street
Tampa, FL  33606
Telephone: (813) 361-0874
Facsimile: (813) 251-1808
Email: sansonew@gmail.com
Florida Bar # 781231