# EXHIBIT D - Key Excerpts from Florida Statutes on Trusts

**736.0103   Definitions.**—Unless the context otherwise requires, in this code:
  (8)   "Distributee" means a beneficiary who is currently entitled to receive a distribution.

  (13)   "Interests of the beneficiaries" means the beneficial interests intended by the settlor as provided in the terms of a trust.

  (20)   "Revocable," as applied to a trust, means revocable by the settlor without the consent of the trustee or a person holding an adverse interest.

  (22)   "Spendthrift provision" means a term of a trust that restrains both voluntary and involuntary transfer of a beneficiary's interest.

  (27)   "Trustee" means the original trustee and includes any additional trustee, any successor trustee, and any co-trustee.

**736.0201   Role of court in trust proceedings.**
(1)   Except as provided in subsections (5), (6), and (7) and s. 736.0206, judicial proceedings concerning trusts shall be commenced ==by filing a complaint and shall be governed by the Florida Rules of Civil Procedure.==
(2)   The court may intervene in the administration of a trust to the extent the court's jurisdiction is invoked by an interested person or as provided by law.
(3)   A trust is not subject to continuing judicial supervision unless ordered by the court.
(4)   A judicial proceeding involving a trust may relate to the validity, administration, or distribution of a trust, including proceedings to:
   (a)   Determine the validity of all or part of a trust;
   (b)   Appoint or remove a trustee;
   (c)   Review trustees' fees;
   (d)   Review and settle interim or final accounts;
   (e)   Ascertain beneficiaries; determine any question arising in the administration or distribution of any trust, including questions of construction of trust instruments; instruct trustees; and determine the existence or nonexistence of any immunity, power, privilege, duty, or right;
   (f)   Obtain a declaration of rights; or
   (g)   Determine any other matters involving trustees and beneficiaries.
(5)   A proceeding for the construction of a testamentary trust may be filed in the probate proceeding for the testator's estate. The proceeding shall be governed by the Florida Probate Rules.
(6)   Rule 1.525, Florida Rules of Civil Procedure, shall apply to judicial proceedings concerning trusts, except that the following do not constitute taxation of costs or attorney fees even if the payment is for services rendered or costs incurred in a judicial proceeding:
   (a)   A trustee's payment of compensation or reimbursement of costs to persons employed by the trustee from assets of the trust.

1

   (b)   A determination by the court directing from what part of the trust fees or costs shall be paid, unless the determination is made under s. 736.1004 in an action for breach of fiduciary duty or challenging the exercise of, or failure to exercise, a trustee's powers.

(7)   A proceeding to determine the homestead status of real property owned by a trust may be filed in the probate proceeding for the settlor's estate . . . the proceeding shall be governed by the Florida Probate Rules.

**736.0202   Jurisdiction over trustee and beneficiary.**

(1)   IN REM JURISDICTION.—Any beneficiary of a trust having its principal place of administration in this state is subject to the jurisdiction of the courts of this state to the extent of the beneficiary's interest in the trust.

(2)   PERSONAL JURISDICTION.—

   (a)   Any trustee, trust beneficiary, or other person, whether or not a citizen or resident of this state, who personally or through an agent does any of the following acts related to a trust, submits to the jurisdiction of the courts of this state involving that trust:

      1.   Accepts trusteeship of a trust having its principal place of administration in this state at the time of acceptance.

      2.   Moves the principal place of administration of a trust to this state.

      3.   Serves as trustee of a trust created by a settlor who was a resident of this state at the time of creation of the trust or serves as trustee of a trust having its principal place of administration in this state.

      4.   Accepts or exercises a delegation of powers or duties from the trustee of a trust having its principal place of administration in this state.

      5.   Commits a breach of trust in this state, or commits a breach of trust with respect to a trust having its principal place of administration in this state at the time of the breach.

      6.   Accepts compensation from a trust having its principal place of administration in this state.

      7.   Performs any act or service for a trust having its principal place of administration in this state.

      8.   Accepts a distribution from a trust having its principal place of administration in this state with respect to any matter involving the distribution.

(b)   A court of this state may exercise personal jurisdiction over a trustee, trust beneficiary, or other person, whether found within or outside the state, to the maximum extent permitted by the State Constitution or the Federal Constitution.

**736.0203   Subject matter jurisdiction.**—The circuit court has original jurisdiction in this state of all proceedings arising under this code.

**736.0401   Methods of creating trust.**—A trust may be created by:

(1)   Transfer of property to another person as trustee during the settlor's lifetime or by will or other disposition taking effect on the settlor's death;

(2)   Declaration by the owner of property that the owner holds identifiable property as trustee; or

(3)   Exercise of a power of appointment in favor of a trustee.

**736.0402   Requirements for creation.**—
(1)   A trust is created only if:
   (a)   The settlor has capacity to create a trust.
   (b)   The settlor indicates an intent to create the trust.
   (c)   The trust has a definite beneficiary or is:
     1.   A charitable trust;
     2.   A trust for the care of an animal, as provided in s. 736.0408; or
     3.   A trust for a noncharitable purpose, as provided in s. 736.0409.
   (d)   The trustee has duties to perform.
   (e)   The same person is not the sole trustee and sole beneficiary.
(2)   A beneficiary is definite if the beneficiary can be ascertained now or in the future, subject to any applicable rule against perpetuities.
(3)   A power of a trustee to select a beneficiary from an indefinite class is valid. . . .

**736.0403   Trusts created in other jurisdictions; formalities required for revocable trusts.**—
(1)   A trust not created by will is validly created if the creation of the trust complies with the law of the jurisdiction in which the trust instrument was executed or the law of the jurisdiction in which, at the time of creation, the settlor was domiciled.
(2)   Notwithstanding subsection (1):
   (a)   No trust or confidence of or in any messuages, lands, tenements, or hereditaments shall arise or result unless the trust complies with the provisions of s. 689.05.
   (b)   The testamentary aspects of a revocable trust, executed by a settlor who is a domiciliary of this state at the time of execution, are invalid unless the trust instrument <u>is executed by the settlor with the formalities required for the execution of a will in this state. For purposes of this subsection, the term "testamentary aspects" means those provisions of the trust instrument that dispose of the trust property on or after the death of the settlor other than to the settlor's estate.</u>

**736.0404   Trust purposes.**—A trust may be created only to the extent the purposes of the trust are lawful, not contrary to public policy, and possible to achieve.

**736.0407   Evidence of oral trust.**—Except as required by s. 736.0403 or a law other than this code, ==a trust need not be evidenced by a trust instrument== but the ==creation of an oral trust and its terms may be established only by clear and convincing evidence.==

**736.04117   Trustee's power to invade principal in trust.**—
(1)   DEFINITIONS.—As used in this section, the term:
   (a)   "Absolute power" means a power to invade principal that is not limited to specific or ascertainable purposes, such as health, education, maintenance, and support, regardless of whether the term "absolute" is used. A power to invade principal for purposes such as best interests, welfare, comfort, or happiness constitutes an absolute power not limited to specific or ascertainable purposes.
   (b)   "Authorized trustee" means a trustee, other than the settlor or a beneficiary, who has the power to invade the principal of a trust. . . .
   (k)   "Vested interest" means a current unconditional right to receive a mandatory distributionunconditional right to withdraw income, a specified dollar amount, or a percentage of

3

value of a trust, which right is not subject to the occurrence of a specified event, the passage of a specified time, or the exercise of discretion. . . .

**736.0501   Rights of beneficiary's creditor or assignee.**—Except as provided in s. 736.0504, to the extent a beneficiary's interest <u>is not subject to a spendthrift provision</u>, the court may authorize a creditor or assignee of the beneficiary to reach the beneficiary's interest by attachment of present or future distributions to or for the benefit of the beneficiary or by other means. The court may limit the award to such relief as is appropriate under the circumstances.

**736.0502   Spendthrift provision.**—
(1)   A spendthrift provision is valid only if the provision restrains both voluntary and involuntary transfer of a beneficiary's interest.
(2)   A term of a trust providing that the interest of a beneficiary is held subject to a spendthrift trust, or words of similar import, is sufficient to restrain both voluntary and involuntary transfer of the beneficiary's interest.
(3)   A beneficiary may not transfer an interest in a trust in violation of a valid spendthrift provision and, except as otherwise provided in this part, a creditor or assignee of the beneficiary may not reach the interest or a distribution by the trustee before receipt of the interest or distribution by the beneficiary.
(4)   A valid spendthrift provision does not prevent the appointment of interests through the exercise of a power of appointment.

**736.0503   Exceptions to spendthrift provision.**—
(1)   As used in this section, the term "child" includes any person for whom an order or judgment for child support has been entered in this or any other state.
(2)   To the extent provided in subsection (3), a spendthrift provision is unenforceable against:
   (a)   A beneficiary's child, spouse, or former spouse who has a judgment or court order against the beneficiary for support or maintenance.
   (b)   A judgment creditor who has provided services for the protection of a beneficiary's interest in the trust.
   (c)   A claim of this state or the United States to the extent a law of this state or a federal law so provides.
(3)   Except as otherwise provided in this subsection and in s. 736.0504, a claimant against which a spendthrift provision may not be enforced may obtain from a court, or pursuant to the Uniform Interstate Family Support Act, an order attaching present or future distributions to or for the benefit of the beneficiary. The court may limit the award to such relief as is appropriate under the circumstances. Notwithstanding this subsection, the remedies provided in this subsection apply to a claim by a beneficiary's child, spouse, former spouse, or a judgment creditor described in paragraph (2)(a) or paragraph (2)(b) only as a last resort upon an initial showing that traditional methods of enforcing the claim are insufficient.

**736.0504   Discretionary trusts; effect of standard.**—
(1)   As used in this section, the term "discretionary distribution" means a distribution that is subject to the trustee's discretion whether or not the discretion is expressed in the form of a standard of distribution and whether or not the trustee has abused the discretion.

(2)   Whether or not a trust contains a spendthrift provision, if a trustee may make discretionary distributions to or for the benefit of a beneficiary, **a creditor of the beneficiary, including a creditor as described in s. 736.0503(2), may not:**
  (a)   **Compel a distribution that is subject to the trustee's discretion**; or
  (b)   **Attach or otherwise reach the interest, if any, which the beneficiary might have as a result of the trustee's authority to make discretionary distributions to or for the benefit of the beneficiary**.
(3)   If the trustee's discretion to make distributions for the trustee's own benefit is limited by an ascertainable standard, a creditor may not reach or compel distribution of the beneficial interest except to the extent the interest would be subject to the creditor's claim were the beneficiary not acting as trustee.
(4)   This section does not limit the right of a beneficiary to maintain a judicial proceeding against a trustee for an abuse of discretion or failure to comply with a standard for distribution.

**736.0505   Creditors' claims against settlor.**—
(1)   Whether or not the terms of a trust contain a spendthrift provision, the following rules apply:
  (a)   The property of a revocable trust is subject to the claims of *the settlor's creditors* during the settlor's lifetime to the extent the property would not otherwise be exempt by law if owned directly by the settlor.

**736.0801   Duty to administer trust.**—Upon acceptance of a trusteeship, the trustee shall administer the trust in good faith, in accordance with its terms and purposes and the interests of the beneficiaries, and in accordance with this code.

**736.0802   Duty of loyalty.**—
(1)   As between a trustee and the beneficiaries, a trustee shall administer the trust solely in the interests of the beneficiaries.

**736.0804   Prudent administration.**—A trustee shall administer the trust as a prudent person would, by considering the purposes, terms, distribution requirements, and other circumstances of the trust. In satisfying this standard, the trustee shall exercise reasonable care, skill, and caution.

**736.0809   Control and protection of trust property.**—A trustee shall take reasonable steps to take control of and protect the trust property.

**736.0811   Enforcement and defense of claims.**—A trustee shall take reasonable steps to enforce claims of the trust and to defend claims against the trust.

**736.1017   Certification of trust.**—
(1)   **Instead of furnishing a copy of the trust instrument to a person other than a beneficiary, the trustee may furnish to the person a certification of trust containing the following information**:
  (a)   The trust exists and the date the trust instrument was executed.
  (b)   The identity of the settlor.
  (c)   The identity and address of the currently acting trustee.

  (d) The powers of the trustee.
  (e) Whether the trust contains any powers of direction, and if so, the identity of the current trust directors, the trustee powers subject to a power of direction, and whether the trust directors have directed or authorized the trustee to engage in the proposed transaction for which the certification of trust was issued.
  (f) The revocability or irrevocability of the trust and the identity of any person holding a power to revoke the trust.
  (g) The authority of cotrustees to sign or otherwise authenticate and whether all or less than all are required in order to exercise powers of the trustee.
  (h) The manner of taking title to trust property.
(2) A certification of trust may be signed or otherwise authenticated by any trustee.
(3) A certification of trust must state that the trust has not been revoked, modified, or amended in any manner that would cause the representations contained in the certification of trust to be incorrect.
(4) A certification of trust ==need not contain the dispositive terms of a trust==.
(5) A recipient of a certification of trust may require the trustee to furnish copies of any excerpts from the original trust instrument and later amendments that designate the trustee and confer upon the trustee the power to act in the pending transaction.
(6) A person who acts in reliance on a certification of trust without knowledge that the representations contained in the certification are incorrect is not liable to any person for so acting and may assume without inquiry the existence of the facts contained in the certification. Knowledge of the terms of the trust may not be inferred solely from the fact that a copy of all or part of the trust instrument is held by the person relying on the certification.
(7) A person who in good faith enters into a transaction in reliance on a certification of trust may enforce the transaction against the trust property as if the representations contained in the certification were correct.
(8) ==This section does not limit the right of a person to obtain a copy of the trust instrument when required to be furnished by law or in a *judicial proceeding concerning the trust*==.

Select Year:  2021   [Go]

# The 2021 Florida Statutes

| Title XLII | Chapter 736 | View Entire Chapter |
| ESTATES AND TRUSTS | FLORIDA TRUST CODE | |

**736.0403 Trusts created in other jurisdictions; formalities required for revocable trusts.**—

(1) A trust not created by will is validly created if the creation of the trust complies with the law of the jurisdiction in which the trust instrument was executed or the law of the jurisdiction in which, at the time of creation, the settlor was domiciled.

(2) Notwithstanding subsection (1):

(a) No trust or confidence of or in any messuages, lands, tenements, or hereditaments shall arise or result unless the trust complies with the provisions of s. 689.05.

(b) The testamentary aspects of a revocable trust, executed by a settlor who is a domiciliary of this state at the time of execution, are invalid unless the trust instrument is executed by the settlor with the formalities required for the execution of a will in this state. For purposes of this subsection, the term "testamentary aspects" means those provisions of the trust instrument that dispose of the trust property on or after the death of the settlor other than to the settlor's estate.

(3) Paragraph (2)(b) does not apply to trusts established as part of an employee annuity described in s. 403 of the Internal Revenue Code of 1986, as amended, an individual retirement account as described in s. 408 of the Internal Revenue Code of 1986, as amended, a Keogh (HR-10) Plan, or a retirement or other plan that is qualified under s. 401 of the Internal Revenue Code of 1986, as amended.

(4) Paragraph (2)(b) applies to trusts created on or after the effective date of this code. Former s. 737.111, as in effect prior to the effective date of this code, continues to apply to trusts created before the effective date of this code.

**History.**—s. 4, ch. 2006-217; s. 103, ch. 2019-3.

Copyright © 1995-2022 The Florida Legislature • Privacy Statement • Contact Us

Select Year: 2021  [Go]

# The 2021 Florida Statutes

| Title XLII | Chapter 736 | View Entire Chapter |
| ESTATES AND TRUSTS | FLORIDA TRUST CODE | |

**736.0407  Evidence of oral trust.**—Except as required by s. 736.0403 or a law other than this code, a trust need not be evidenced by a trust instrument but the creation of an oral trust and its terms may be established only by clear and convincing evidence.

**History.**—s. 4, ch. 2006-217.

Copyright © 1995-2022 The Florida Legislature • Privacy Statement • Contact Us