UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                           Case No: 8:21-cr-348-SCB

JEREMY BROWN
*Defendant*
_____/

## DEFENDANT'S MOTION FOR LEAVE TO DEPOSIT FUNDS UNDER OBJECTIONS AND FREEZE INTO COURT REGISTRY TO COMPLY WITH MAGISTRATE'S ORDER

COMES NOW the Defendant, JEREMY BROWN, to make known his protestation of his deposit of $12,300.00 on this date into the Court's Registry as ordered by the Honorable Judge Flynn on March 25, 2022 to be accomplished by April 1, 2022. Mr. Brown objects to being compelled under threat of fines and contempt of court into depositing the money in the Court's registry as he does this day deposit $12,300.00 that is non-interest bearing; and gives notice that he will make his complete, separate objection within fourteen days (14) of the written order promised by the Clerk's Minute Order at 8:21-cr-348-SCB-SPF ECF No. 139.  As grounds for objection to the deposit which Mr. Brown is providing to the registry, and for relief he states:

### I.  BACKGROUND AND FACTS

1. Mr. Brown qualified for appointment of a CJA public defender at his first appearance after arrest on September 30, 2021.

2. Nothing in Mr. Brown's finances changed to make directly available, give him access to, or allow him to compel the provision to him of $12,300.00 from anyone or any entity during the period from September 30, 2021 through the present date.

1

3. The Government asserted in a feigned emergency motion on January 3, 2022 that all property (over $55,000.00 in value) in a charitable donation GiveSendGo account to benefit Mr. Brown - that has always been held in a discretionary Trust by a third party under Florida law and by the very circumstances of the donations - should be frozen and taken by this Court. The Government unjustifiably asserted that all current $55,000+ and all future donations for Mr. Brown should be frozen by this Court through an order to GiveSendGo.

4. The Court ordered that Mr. Brown pay $12,300.00 by January 31, 2022 even though Mr. Brown had no such funds available in any account from which he could draw upon or demand payment.

5. The $12,300.00 amount ordered by the Court for Mr. Brown to pay exceeded the $7000.00 that the CJA stated had been expended in defense; and it was a charge for future services.

6. The Court did not, as required, order CJA services terminated on January 19, 2022 when it order Mr. Brown to pay $7000.00 for services rendered to date as well as $5,300.00 not claimed in any way for future CJA services.

7. Further, after the Defendant told the CJA his services were terminated and the CJA motioned to withdraw, the Court denied the motion.

8. The Court's oral order on March 25, 2022 that Mr. Brown pay $12,300.00 into the registry by April 1, 2022 to remove charges of contempt stated that the funds and property held in a Florida discretionary trust *are presently available* to Mr. Brown simply because he is the beneficiary.

9. The payment of CJA funds is not part of the criminal case and as an ancillary matter, is civil in nature because of the laws involved. The alleged claim that the US Government is

owed funds from a Florida trust (and third-party trustee) where no funds are from criminal proceeds and are not part of any criminal case charges against Mr. Brown, requires adherence to Florida civil law regarding trusts. The Court under the *Erie Doctrine* is required to follow Florida trust law, where under Florida Trust Statutes this Court has no subject matter jurisdiction to make legal rulings concerning the validity or obligations of any Florida discretionary Trust, whether written or oral; and cannot make its own general common law for what is available to the Defendant when not distributed. *Erie* and its progeny made clear that there is no federal common law.

10. The Court ignored Florida Trust Statutes and law in that funds are only available to a beneficiary of a discretionary trust when the trustee distributes funds to the beneficiary.

11. The GiveSendGo campaign collected only $10,981.00 for "legal defense" funds that the Trustee may hold in discretion for any form of legal defense expenditure. Use of "legal defense funds" may include and is not limited to: specialty services such as video authentication and forensics, specialty forensics and private investigation of the provenance of may have been planted evidence; FOIA civil suit proceedings to obtain provenance or armory records and receipts for explosives that may have originated from the FBI or CIA; repair of damages caused to Defendant's home during searches, pro bono attorney expenses for on-line legal research service subscriptions, and a host of expenses that may arise due to charges in Washington D.C. in a civil case that Mr. Brown may be added to.

12. If the Government wanted to lay first claim to any of the $10,981.00 legal defense funds, it is required under Florida law to pursue its claim at Florida circuit court level as a judgment creditor for a lien of future trust distributions

13. The Magistrate ignored that the proper venue for the Court or Government to bring any claim for a judgment lien against the trust is in Florida civil circuit or probate court. Instead of taking that route to attempt to attach any distributions from the trust, the Court coercively ordered Mr. Brown to pay money he does not have available; and told him it was his fault he did not request that the trust pay for CJA. The Magistrate then answered Mr. Brown's question about what he is supposed to do if the trust does not distribute money for the Tampa CJA by essentially telling Mr. Brown he still owes the money.

14. In addition to criminal contempt the Magistrate threatened that because he was already in jail, that Mr. Brown would be charged with astronomical interest fines that will compound exponentially daily. The rules for contempt state the sentence may be 30 days in jail or $5000.00 in fines. The oral implication in court was that interest fines would be far in excess of the standard government interest rates, with no mention of any $5000.00 limit (knowing Mr. Brown does not have $5000.00) and would resemble usuary and mafia loan shark rates.

15. If at the end of the Defendant's Florida and D.C. cases the Trust has not expended $10,981.00 for "legal defense" expenses, the Trust can on its own pay CJA costs up to any unexpended amount of $10,981.00 for "legal defense." The Government and Court may always review what funds were actually and legally available to Mr. Brown at the end of the cases and hold any hearing; and pursue the matter in Florida civil court.

16. Mr. Brown is in jail and has no funds in order to raise any matter concerning the trust in Florida civil court, while stating here that the trust is not required to pay the $12,300.00 for the Tampa CJA.

17. In his best effort to comply with the court's order, Mr. Brown is responsible now for an unsecured loan of $12,300.00 from third parties so that he can make the requisite deposit where in oral statement the magistrate said he will not be held criminally in contempt of court.

18. Mr. Brown intends to exercise his right to timely file a formal objection to the court's written order regarding the March 25, 2022 decision - within fourteen days of its publication (that had not appeared to have occurred as of March 30, 2022 when Judge Flynn's chambers was contacted by phone).

19. Mr. Brown was denied the continuance he requested to prepare for the March 25, 2022 hearing, even though he never saw a single prosecution exhibit and was in jail for the entire period before the hearing where he could not talk to attorneys for counsel because the Pinellas County Jail video link for attorneys did not work.

20. Although the magistrate claimed this was criminal contempt, Mr. Brown was denied a jury trial, where the statutory law(s) behind the contempt were not clear, except that the Magistrate said he has review of CJA appointments and defendants' eligibility. See Fed R. Crim P. Rule 42(a)(3).

21. No federal statute gave the magistrate subject matter jurisdiction over the Florida discretionary trust or to make decisions regarding availability of trust funds to the Defendant when no distributions were required or made.

## II.  LAW and ARGUMENT

### A.  Local Rules.

The local court rules state that any dispute regarding entitlement to the funds must be made at the time of deposit into the Court registry. See Rule 7.03 Court's Registry.[1] Mr. Brown

---

[1] From "LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA" dated February 1, 2021.

disputes that he owes any of the $12,300.00 to the United States Government or Treasury. Under the U.S. Constitution's Sixth Amendment, for his criminal matter he has the right to counsel. The law is long settled that for those who do not have the financial means to pay for private attorneys, the court may appoint one. While determination of financial means continues for all phases of the case, Mr. Brown has no financial resources now that he did not have on September 30, 2022 to pay for counsel. He had to borrow money to pay the $12,300.00 into the registry to not be further damaged by the magistrate.

### B. The Funds are not Currently Available to Mr. Brown.

The magistrate based the hearing and his decision on his authority to determine whether the defendant should pay for CJA under 18 U.S.C. 3006A(f). Section 3006A(f) says when the magistrate judge or court finds that funds **are available** for payment from or on behalf of a person furnished representation, it may authorize or direct the money be given to the court for deposit in the Treasury as a reimbursement to the appropriation, **current at the time of payment**. Under section 3006A(f), no definition of "available funds from or on behalf of" in the English language requires a defendant to borrow money to pay CJA or private defense counsel. The statute itself and surrounding caselaw require the funds be available in the present during the case; and specifies that contributions from friends and family may be voluntary but such funds are not considered "available" to the defendant. Mr. Brown's bank records showed no funds available.

Mr. Brown objects that the magistrate determined - in direct contradiction of Florida law - that undistributed funds from a discretionary trust were available to Mr. Brown. Further, the magistrate required Mr. Brown as of January 31, 2022 to pay for defense costs not on any voucher, where by verbal statement of the CJA in court were not incurred at the current time.

6

The CJA stated that his fees were $7000.00. Yet the magistrate ordered payment of $12,300.00. Mr. Brown objects that the magistrate ordered future fees when he had no future income or directed distributions from any financial institutions or the trust that would allow for $7000.00, let alone the additional $5300.00.

**C. The Order for Payment of CJA Fees up to the Cap of $12,300 by January 31 and then again on March 25, 2022 Ignored the Statute's Requirement for Available Funds or Voluntary Support.**

The attached **Exhibit B** is CJA Form 7. The magistrate did not issue an order in compliance with this form either in January 2022 or on or after March 25, 2022. In deciding while the case was still active, the magistrate refused to allow Mr. Brown to terminate the CJA or for the CJA to withdraw. Since the magistrate in violation of Florida trust statutes decided Mr. Brown had not only the $7000.00 claimed by the CJA but also had another $5300.00 available, the magistrate should have ordered the CJA terminated.

Instead, the magistrate ordered future payments for the CJA up to the cap. The CJA in January and even February submitted no form requesting to exceed the cap. The CJA submitted no financial balance sheet (as required that CJAs maintain such accounting) indicating he would anytime soon meet the cap. In ordering Mr. Brown to pay fees admittedly not yet incurred and without CJA voucher, the magistrate did not allow Mr. Brown at that very instant to terminate the CJA. Mr. Brown had no funds available and desired to represent himself pro se - but was given no option.

**D. The Magistrate Erred in Violating Florida Law.**

The magistrate without consideration of Florida law and facts decided that because there was a GiveSendGo charity account holding funds, that despite the funds being held in a

discretionary trust, Mr. Brown had those available and he could obtain the dollars. Under Florida Statute 736.0103(8) Definitions, a *distributee* means a beneficiary currently entitled to receive a trust distribution. Since the trust had no required distributions, and was completely discretionary, Mr. Brown was not a distributee in the past or present. He will be at an undetermined future date if the Trustee determines that funds for his benefit should go directly to him.

The magistrate completely ignored the clear and convincing evidence that an oral trust existed since the GiveSendGo donations were given to the Trustee. This was further error in violating Florida code. Under Florida. Statute 736.0407 "a trust need not be evidenced by a trust instrument but the creation of an oral trust and its terms may be established only by clear and convincing evidence." The trust was always 100% discretionary yet the magistrate and AUSA were laser-focused on only the written trust's execution on February 8, 2022.

Mr. Brown was and remains in jail, denied bond by the magistrate. If Mr. Brown believed he owed the $12,300.00 immediately, his only recourse would be to file a civil suit in Florida circuit level court. Mr. Brown has no funds to hire an attorney to file suit, he does not believe he owes the money at this time, the trust is discretionary, and any such suit even if not frivolously brought as would be the case here, would take more than a few months to complete. The magistrate demanded payment by April 1, 2022.

E. **Standard of Review for the Motion to be Filed in Objection to the Magistrate's Order:**

Mr. Brown was not afforded a trial for criminal contempt under the Federal Rules of Criminal Procedure. Federal Rule of Civil Procedure Rule 72(a) Nondispositive Matters states when a pretrial matter is not dispositive to the case, the magistrate judge:

> must promptly conduct the required proceedings and,
> when appropriate, issue a written order stating the decision.

>A party may serve and file objections to the order within 14 days after being served with a copy. The Rule states that the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. of Civ. P. Rule 72(a)

The district judge must determine de novo the parts of the magistrate's order timely objected to. Fed Rule of Civ Pr. Rule 72(b)(3).

### 1. Mr. Brown's Objections to the Magistrate's Order are not Due Until After the Money Must be Deposited.

As shown under the rules above, Mr. Brown has fourteen (14) days to object to a magistrate's order concerning non-dispositive case matters once he has been served with a copy of the recommendation or findings. Fed. R. Civ. P. 72(b)(2). As indicated by the Clerk's Minutes, a "[c]ourt [o]rder [is] to follow." (ECF No. 139). Mr. Brown has not been served with a copy of any written order that he must deposit $12,300.00 by April 1, 2022 or the contempt charge will stand and he will be charged usury-type high and compounded interest charges as stated verbally in court.

Thus, to challenge the findings and recommendations of the magistrate judge, the Defendant must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. See *Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989)*; *Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006)*. The Government will be allowed fourteen days to respond to the objections to the magistrate's order. Mr. Brown has not been served with the findings and reasons in writing upon which to object.

Because no transcript is available, no written order was published prior to March 31, 2022, and the oral order to deposit the money is before the timelines for a motion to object by Mr. Brown to the district court judge, only this initial objection to depositing the funds in the

court registry can be made at this time. It is not the complete motion objecting to the magistrate's order. Local rules that an objection be filed and do not require the motion that will go to the district court judge for decision and may take more than thirty days for decision. Because of the timelines involved, the funds should be frozen in place and not deposited or transferred until the district judge makes a ruling on the formal motion.

Summary: Given the ordered payment date that was set for 5 business days after the March 25, 2022 hearing, where no transcript is yet available, where Mr. Brown demanded in writing that the CJA obtain the transcript; where no written order has been provided to Mr. Brown according to ECF No. 139; and where the motion to vacate and revoke the magistrate's decision is not yet due, the creation of a complete motion that objects to all specific findings and recommendations is unreasonable. Because the funds are due to the court registry by April 1, 2022, Mr. Brown objects based on key facts herein where the magistrate acted in error contrary to law.

### 2. The Magistrate Ignored Facts of What the CJA Even Claimed for Legal Services.

The magistrate's order for Mr. Brown to pay $12,300.00 is unjustifiable. Even if a Florida court were to find that "legal defense funds" must be paid now into the court registry, the amount of $12,300.00 was a significant error on top of the error made in ignoring the Florida trust statutes.

### CONCLUSION

WHEREFORE, the Defendant humbly requests that this Court retain his payment and withhold any transfer or deposit of the payment money order until after Mr. Brown files a motion

to revoke and vacate the magistrate's order with the District Court judge and receives a decision as to whether the magistrate's order is vacated or otherwise changed.

Dated March 31, 2022

JEREMY MICHAEL BROWN
Prisoner # 1875858
Pinellas County Jail
14400 49 th St. N.
Clearwater, FL 33762-2877

11