U.S. District Court
Middle District of Florida
Tampa Division

**GOVERNMENT EXHIBIT**

**Exhibit No.:** 20

Case No.: 8:21-cr-348-SCB-SPF

UNITED STATES OF AMERICA

vs.

JEREMY BROWN

Date Identified: 03/25/22

Date Admitted: 03/25/22

## Certificate of Trust

Pursuant to Florida Statutes Section 736.1017

The undersigned hereby declare(s) the following to be true and correct:

1. The TYLENE ALDRIDGE REVOCABLE TRUST FOR JEREMY BROWN a.k.a. The Tylene Aldridge Revocable Trust, is currently in existence, was initially created in October 2021, and was merged into and memorialized in a written Trust Agreement under the name above as a revocable, discretionary, inter-vivos, spend-thrift, private Trust in 2022.

2. The Grantor and current Trustee of the trust is as follows:

    Name: Tylene Aldridge

3. The co-successor Trustees of the Trust are:

    Name: Cathi Chamberlain of Tampa, Florida

    Name: Lisa Brown of North Carolina - Beneficiary's mother

4. The Secondary Successor of the Trust is: Stewart Country Law, PA and its owner Carolyn Stewart

5. The Trustee(s) of the Trust have the following powers, a verbatim reproduction of provisions of the Trust Agreement:

    a. **Representation.** Any person or entity serving as a Trustee under this Trust is empowered to act for or represent this Living Revocable Trust in any transaction concerning the Living Trust. Any Trustee serving hereunder, or third party transacting with a Trustee, may transact on behalf of or with the Trust using the following identifier: [Name], as Trustee of The Tylene Aldridge Revocable Trust, dated [month day, year].

    b. **Powers Under State Law.** Trustee shall have all authority and powers allowed or conferred on a trustee under state law, subject to Trustee's fiduciary duty to Grantor(s) and the Beneficiary. Furthermore, no entity dealing with Trustee shall be required to investigate or to confirm Trustee's authority to enter into any transaction or to administer the application of the proceeds of any transaction.

    c. **Specified Powers.** Trustee's powers include, but are not limited to:

        i. The power to sell and purchase Trust Property.

20

    ii.    The power to manage Trust real estate as if Trustee were the absolute owner of it, including the power to lease (even if the lease term may extend beyond the period of any trust) or grant options to lease the property, to make repairs or alterations, and to insure against loss.

    iii.    The power to sell or grant options for the sale or exchange of any trust property, including stocks, bonds, debentures, and any other form of security or security account, at public or private sale for cash or on credit.

    iv.    The power to invest Trust Property in, but not limited to, real estate, reputable funds, bonds, and stocks. The trustee shall not buy on margin.

    v.    The power to receive additional property from any source and to administer such additional property as a portion of the appropriate trust hereunder, if Trustee shall not be required to receive such additional property without her consent unless such property is transferred to Trustee by Grantor or devised or bequeathed to Trustee in her capacity as Trustee.

    vi.    The power to employ and pay reasonable fees to accountants, lawyers, or investment experts for information or advice relating to the Trust.

    vii.    The power to deposit and hold trust funds in both interest-bearing and non-interest-bearing accounts.

    viii.    The power to deposit funds in bank or other accounts uninsured by FDIC coverage.

    ix.    The power to enter into electronic funds transfer or safe deposit arrangements with financial institutions.

    x.    The power to vote shares of stock owned by any trust created hereunder at shareholder's meetings in person or by special, limited, or general proxy, with or without power of substitution.

    xi.    The power to institute or defend legal actions concerning this Trust or Grantor's or Trustee's good faith and legally conducted affairs related to the Trust.

    xii.    The power to compromise, adjust, arbitrate, sue on or defend, or otherwise deal with and settle claims in favor of or against any trust established hereunder as Trustee may deem advisable, and the decision of Trustee shall be conclusive between Trustee and the beneficiaries of any such trust in the absence of fraud, bad faith or gross negligence of Trustee.

    xiii.    The power to commingle assets by: acquiring, receiving, holding, and retaining the principal of any or all trusts created hereunder undivided until

        division becomes necessary in order to make a distribution; holding, managing, investing, reinvesting, and accounting for the several shares or parts of shares by appropriate entries in the books of account maintained by Trustee, and to allocate to each share or part of a share its proportionate part of all receipts and expenses, provided that this subparagraph shall not defer the vesting in possession of any share or part of a share of the Trust Property.

    xiv.    The power to employ and compensate persons deemed by the Trustee as advisable or necessary in the administration of any trust created hereunder including, but not limited to, agents, accountants, brokers, attorneys, real estate managers, rental agents, appraisers, and investment counsel and other professional advisers as may be required or desired in managing, protecting and investing the property of any such Trust Property.

    xv.    The power to carry such insurance coverage including, but not limited to, public liability, fire, rent, title, or casualty insurance for such hazards and in such amounts, either in stock companies or in mutual companies, as Trustee may deem advisable for Trust property.

    xvi.    The power to execute any documents necessary to administer any trust created by this revocable living Trust.

    xvii.    The power to diversify investments, including authority to decide that some or all of the Trust Property need not produce income.

    xviii.    The power to maintain reasonable reserves for depreciation and for amortization and obsolescence.

    xix.    The power to perform all other acts necessary for the proper management, investment, and distribution of the property of any trust created hereunder.

    xx.    The power to complete and use a Trust certification.

6. The trust is revocable, with the following party having the power to revoke:

Tylene Aldridge

7. The Trust does not presently have multiple Trustees. If the trust has multiple Trustees, the signature of all co-Trustees or of any one of the Trustees is required to exercise the powers of the trust.

8. The trust identification number is as follows:

Social Security Number ▮▮▮▮▮▮▮▮▮

22

9. Title of the trust assets shall be in the following fashion:

The Tylene Aldridge Revocable Trust for Jeremy Brown

The undersigned Trustee hereby declares that the Trust has not been revoked, modified, or amended in any manner which would cause the representations contained herein to be incorrect.

Signed: _Tylene Aldridge_  Dated: 2/9/22
  FLDL [redacted]
Trustee

## NOTARY ACKNOWLEDGMENT

State of Florida

County of Hillsborough

Before me personally appeared together Tylene Aldridge as Grantor and Trustee, personally known to me or who produced satisfactory identification; and Tylene signed the instrument as Trustee of The Tylene Aldridge Revocable Trust in my presence on February 9, 2022.

DENNIS CROUSE
MY COMMISSION # HH 115924
EXPIRES: April 10, 2025
Bonded Thru Notary Public Underwriters

_____
Notary Public, State of Florida
(Stamp Name, Commission # and Expiration below)

23

## Successor Trustee Acceptance as Trustee for the Tylene Aldridge Revocable Trust for Jeremy Brown and for Addition to the Trust Certificate to Execute the Power of Trustee (for future)

The undersigned Successor Trustee hereby declares that to her knowledge the Tylene Aldridge Revocable Trust has not been revoked, modified, terminated, or amended in any manner which would cause the representations contained herein to be incorrect. By signing, the Successor Trustee accepts designation to perform as Trustee with duties and responsibilities according to the Trust Agreement, and is thus actively included in the Trust Certificate as a current Successor Trustee:

Signed: _Tylene Aldridge_   Dated: 2/9/22
Trustee      FLA

### NOTARY ACKNOWLEDGMENT

State: Florida
County: Hillsborough

Before me personally appeared _Tylene Aldridge_ as successor Trustee, personally known to me or who produced satisfactory identification; and she signed the instrument as successor Trustee of The Tylene Aldridge Revocable Trust in my presence on _2/9/2022_ (date).

DENNIS CROUSE
MY COMMISSION # HH 115924
EXPIRES: April 10, 2025
Bonded Thru Notary Public Underwriters

Notary Public, State of _Florida_
(Stamp Name, Commission # and Expiration below)

24