# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                          Case No.: 8:21-CR-348-SCB-SPF

**JEREMY BROWN**
_____/

## MOTION FOR THE COURT TO CONDUCT A *FARETTA* HEARING

COMES NOW, Defendant, JEREMY BROWN, by and through his undersigned counsel, and moves this Court to conduct a Faretta inquiry. As grounds for this motion, Mr. Brown states the following:

Mr. Brown has made it known to undersigned counsel of his wish to represent himself in this matter. In Faretta v. California, 422 U.S. 806 (1975), the United States Supreme Court held that a defendant has a right under the Sixth Amendment to proceed without counsel if he clearly and unequivocally requests to do so. The Eleventh Circuit has stated that "[t]he ideal method of assuring a voluntary waiver is for the trial judge to conduct a pre-trial hearing at which the defendant would be informed of the charges, basic trial procedures, and the hazards of self representation." Strozeir v. Newsome, 926 F.2d 1100, 1104 (11th Cir. 1991). The Eleventh Circuit has put forth an eight-part test to determine whether a defendant has executed a knowing and voluntary waiver of his right to

counsel:

> (1) the defendant's age, educational background, and physical and mental health;(2) the extent of the defendant's contact with lawyers prior to trial; (3) the defendant's knowledge of the nature of the charges, possible defenses, and penalties; (4) the defendant's understanding of rules of procedure, evidence and courtroom decorum; (5) the defendant's experience in criminal trials; (6)whether standby counsel was appointed, and the extent to which that counsel aided defendant; (7) mistreatment or coercion of the defendant; and (8) whether the defendant was trying to manipulate the events of the trial.
> United States v. Stanley, 739 F.3d 633, 645-46 (11th Cir. 2014).

As can be more fully addressed at a Faretta hearing, Mr. Brown is a former twenty-year member of the Special Forces.  He has held top-secret clearance and been part of planning many covert operations throughout the world.  He is not just competent but a highly intelligent individual.

As undersigned counsel can attest, Mr. Brown is also very familiar with his charges, the penalties, and possible defenses, including a motion to suppress, which Mr. Brown has been intimately involved in.  Mr. Brown is also familiar with the Federal Rules of Criminal Procedure and has been instrumental in his own defense in this case in every aspect.

As this Court is aware, Mr. Brown has addressed this Court many times during hearings and personally conducted the evidentiary hearing on the order to show cause.  While Mr. Brown has no prior experience with criminal trials, he is learning as this case proceeds and is being assisted by two pro bono attorneys who

will continue to assist him as he moves forward.  Mr. Brown is not moving for a Faretta Hearing under any threats and is not doing so to manipulate the system.  Mr. Brown has the constitutional right to represent himself, and he is adamant that at this juncture of his case, he is the best person to lead his defense.  Accordingly, Mr. Brown moves this Court to conduct a Faretta Hearing and ultimately grant Mr. his request to represent himself.

I HEREBY CERTIFY that a copy of the foregoing motion has been furnished by electronic filing using the CM/ECF system to Risha Asokan, United States Attorney's Office, this 17th day of April, 2022.

Respectfully submitted,

s/William Sansone
WILLIAM SANSONE, ESQUIRE
Sansone Law, P.A.
609 West De Leon Street
Tampa, FL  33606
Telephone: (813) 361-0874
Facsimile: (813) 251-1808
Email: sansonew@gmail.com
Florida Bar # 781231