UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                            Case No.  8:21-cr-348-SCB-SPF

JEREMY BROWN

_____/

## ORDER

Before the Court is Defendant Jeremy Brown's Motion to Reconsider Bond (Doc. 198) and the United States' response in opposition (Doc. 202).  The Court held a hearing on August 18, 2022, at which Brown and his mother, Lisa Brown, testified.  Upon reconsideration, Brown's request for bond is DENIED.

## DISCUSSION

On October 5, 2021, the Court held a detention hearing pursuant to 18 U.S.C. § 3142(f).  After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concluded that Brown must be detained pending trial because the United States had proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. (Doc. 19).  In particular, the Court found that Brown posed a danger to law enforcement officials, including those who would be tasked with supervising Brown should he be released on bond. (*Id.*).

After Brown moved for reconsideration of his motion for pretrial release (Doc. 49), the Court held an evidentiary hearing on December 14-16, 2021 (December Evidentiary

Hearing). After considering all of the evidence presented at both the October 5, 2021 detention hearing and the December Evidentiary Hearing, the arguments made by counsel, and the factors listed in 18 U.S.C. § 3142(g), the Court again found that the United States had proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. (Doc. 98). The Court noted that Brown made a written threat to law enforcement, attempted to tamper with and intimidate a federal agent directly involved with his case, and Brown stated that he would not accept any conditions of release that restrict his ability to own and possess firearms or that restrict his freedom of movement. (Doc. 98).

Brown now states that he would comply with conditions of release, even those he still finds unconstitutional, if doing so would allow him to care for his ailing mother in rural North Carolina. The Court is not convinced.

Moreover, the specific conditions of release proposed by Brown are problematic. Brown proposes to live outside of the Middle District of Florida, in the "extremely rural" town of Tyner, North Carolina. According to the United States, the closest Probation Office (Greenville, North Carolina) is approximately 90 minutes from Brown's proposed residence. The Court agrees with the United States that "when viewed in light of the severity of the offenses in this case and [Brown]'s steadfast refusal to comply with location and firearms restrictions over the past eleven months. . . the proposed conditions of release would be insufficient to [reasonably] ensure the safety of the community and the [Brown]'s appearance at trial" set for October 11, 2022.

2

Simply put, Brown remains a significant threat to law enforcement. The Court once again finds by clear and convincing evidence that there are no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

## CONCLUSION

After reconsideration, the Court reaffirms its previous orders of detention. (Docs. 19 & 98).  Accordingly, Brown's Motion to Reconsider Bond (Doc. 198) is **DENIED**

**ORDERED** in Tampa, Florida, this 19th day of August 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

3