UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

Case No.: 8:21-cr-348-SCB-SPF

v.

JEREMY BROWN

### UNITED STATES' NOTICE OF INTENT TO INTRODUCE INEXTRICABLY INTERTWINED AND/OR RULE 404(B) EVIDENCE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Notice of Intent to Introduce Inextricably Intertwined and/or Rule 404(b) Evidence. It is the position of the United States that this evidence is intrinsic to the charged crimes. Nevertheless, in an abundance of caution, the United States is providing this Notice to the Defendant and the Court.

I. Background

On September 30, 2021, federal agents executed a search warrant at the Defendant's residence and recreational vehicle (R.V.). In the bedroom of the R.V., agents located an ammunition carrier containing two M-67 fragmentation grenades. On a couch in the R.V., agents located an illegal short-barrel shotgun. Next to the shotgun, agents located a briefcase. Inside the briefcase, agents located photographs and personal papers of the Defendant. Among those papers, agents found a paper copy of a classified Memorandum concerning a missing soldier that the Defendant had authored, which was marked "SECRET," as well as a C.D. marked as classified with a red "SECRET" sticker. Subsequent review of that C.D. revealed that it had numerous classified documents that the Defendant had retained from his time in the

military.

In Counts 6 through 9 of the Superseding Indictment, the Defendant is charged with the willful retention of National Defense Information, in violation of 18 U.S.C. § 793(e). The date range alleged in the Superseding Indictment is "[f]rom an unknown date, but continuing through on or about September 30, 2021." The charges relate to four documents and an addendum that were stored on the C.D. All of these documents were classified at the "SECRET" level.

## II.    The Proffered Evidence

The proffered evidence relating to these documents is described at Bates Numbers 9497 to 9507 and 9551, and is summarized as follows:

The Defendant retired from the military in 2012. Several years later, the Defendant attended a funeral of a fellow soldier. After the funeral, the Defendant boasted to his former colleagues that he had taken several classified documents relating to a missing soldier and maintained them in his possession after retiring from the military. According to one of his former colleagues, the Defendant's intent in retaining this information appeared to be malicious. The colleague reported this information to law-enforcement agents.

On October 17, 2017, Special Agents from the Air Force Office of Special Investigations conducted a voluntary interview of the Defendant at his residence, which was the same residence that was searched in this case. The purpose of the interview was to determine whether the Defendant possessed any classified information and, if so, to retrieve the information and return it to the government

entity to which it belonged.

During the interview, the Defendant denied possessing any classified information, and he further stated that he did not recall telling anyone that he possessed classified information. The Defendant admitted that he had drafted a classified trip report about a missing soldier, and that he may have discussed that report with others. The Defendant stated that it was possible that he may have discussed this classified information with one of his friends while he was intoxicated, and that it was possible that his friend had misconstrued that conversation to mean that he had classified information in his home. Agents asked the Defendant whether he had that classified memorandum or any other classified information in his possession, and he stated that he did not.

At the request of the interviewing agents, the Defendant consented to a search of the storage containers in his shed, which he stated contained all of the items that he had removed from his office upon his retirement from the military in 2012. Agents searched the storage containers, and they did not find any classified information. Agents requested permission to search the remaining residence and other areas on the property. The Defendant refused to consent to the search of anywhere else on the property.

### III. Analysis

Pursuant to Federal Rule of Evidence 404(b), while "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such

evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2). Evidence of other acts is not extrinsic under Rule 404(b) if it: (1) arose out of the same transaction as the charged offense; (2) is necessary to complete the story of the crime; or (3) is inextricably linked with the charged offense. *United States v. Ellisor*, 522 F.3d 1255, 1269 (11th Cir. 2008). It is axiomatic that "[e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if it is linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. McClean*, 138 F.3d 1398, 1403 (11th Cir. 1998) (quoting *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985)).

      The proffered evidence relating to the Defendant's boasting about possession of classified information, and his subsequent lies to federal agents and refusal of consent to search his residence, is intrinsic to the charged crimes of retention of national defense information. The United States intends to prove that the Defendant retained the charged classified documents prior to his 2012 retirement from the military; thus, those documents must have been in his possession in 2017 when federal agents offered him the opportunity to return any classified information in his possession. The agents' inquiries in 2017 therefore related to the same classified documents that the Defendant is charged with possessing in the Superseding Indictment, and the agents' visit and interview of the Defendant occurred at the same residence where those documents

eventually were located on September 30, 2021. These facts all demonstrate that the 2017 interview is intrinsic or inextricably linked with the crimes charged in the Superseding Indictment.  *See id.*

What's more, the Defendant's 2017 refusal to consent to a search of his residence for classified information further establishes his consciousness of guilt for the charged crimes, which is relevant to proving that he *willfully* retained the documents, as required by the statute. *See* 18 U.S.C. § 793(e) ("Whoever having unauthorized possession of, access to, or control over any document . . . . relating to the national defense . . . willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it . . . [s]hall be fined under this title or imprisoned not more than ten years, or both.").

To the extent that the Court determines that this evidence is extrinsic, it is nevertheless admissible pursuant to Rule 404(b) because it is relevant to proving several issues other than the Defendant's character. Specifically, the evidence is relevant to establishing the Defendant's intent to retain national defense information because the federal agents gave him the opportunity to return any classified information in his possession, and he failed to do so. The evidence is also relevant to establishing the Defendant's intent – specifically, that he acted knowingly and willfully – because his false statements regarding possession of classified information and his refusal to consent to a search of his residence establish consciousness of guilt concerning the charged crimes. And relatedly, the Defendant's refusal of consent to search the remainder of his residence for classified information is further relevant to

5

establishing that the Defendant's crimes were not the result of a mistake or accident because it establishes that the Defendant likely knew he had classified information in his residence, and he did not want the agents to locate that information.

For these reasons, it is the position of the United States that the proffered evidence relating to the Defendant's October 2017 interview is relevant and admissible.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   */s/ Daniel J. Marcet*
        Daniel J. Marcet, AUSA
        Florida Bar No. 0114104
        400 N. Tampa St., Ste. 3200
        Tampa, FL 33602-4798
        Telephone: (813) 274-6000
        E-mail: Daniel.Marcet@usdoj.gov

        Menno Goedman
        Trial Attorney
        National Security Division
        U.S. Department of Justice
        950 Pennsylvania Ave. NW
        Washington, DC 20530
        Telephone: (202) 541-2147
        Email: Menno.Goedman@usdoj.gov

U.S. v. Jeremy Brown                                Case No. 8:21-cr-348-SCB-SPF

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Roger Futerman, Esq.

                                          */s/ Daniel J. Marcet*
                                          Daniel J. Marcet
                                          Assistant United States Attorney
                                          Florida Bar No. 0114104
                                          400 N. Tampa St., Ste. 3200
                                          Tampa, FL 33602-4798
                                          Telephone: (813) 274-6000
                                          Facsimile: (813) 274-6358
                                          E-mail: Daniel.Marcet@usdoj.gov