# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                  Case No.: 8:21-cr-348-T-SCB-SPF

**JEREMY BROWN**
_____/

## DEFENSE'S OBJECTION TO THE GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE INEXTRICABLY INTERTWINED AND/OR RULE 404(B) EVIDENCE

The Defendant, by and through undersigned counsel, objects to the 404(b) evidence outlined in the Government's Notice of Intent to Introduce Inextricably Intertwined and/or Rule 404(b) Evidence, which was filed September 6, 2022. In support of this position, the Defense respectfully argues that the Government's proffered evidence of uncharged potential crimes does not meet the legal criteria for admissibility in this case.

The documents that are the subject of the 404(b) notice allegedly were found in the Defendant's possession along with the alleged classified documents which are the subject of the criminal charges in the Indictment. The Defendant's hearsay comments related to the 404(b) documents allegedly were made in 2017. Bringing out these unreliable hearsay statements that relate to the uncharged documents would

1

not only mislead the jury but would also prejudice the Defendant for the following reasons: the 404(b) documents may not be classified, the 404(b) documents were documents the Defendant was not charged with possessing, and the discussions surrounding the 404(b) documents do not establish anything other than the Defendant's propensity to commit the charged crimes.

The Government believes that under 404(b), the evidence is inextricably intertwined. Yet, the Government chose not to charge the Defendant with these documents that were in the Defendant's possession at the time of his arrest, along with alleged classified documents which he is charged with possessing. The 404(b) documents that the Government chose not to charge the Defendant with, probably because in the form they are in, are not classified, were allegedly in the same briefcase as the charged documents. If the Government wishes to attempt to introduce witness testimony about hearsay statements from 2017 surrounding these two documents, the remedy would be to charge the Defendant with possessing them and then attempting to introduce this hearsay testimony.

It is submitted that the Government cannot now have the benefit of introducing the Defendant's alleged hearsay admissions to uncharged crimes, specifically admissions to possessing documents that the Government now has in its possession, that that were found in the same location as the charged documents. In 2017, the Defendant was discussing documents that he did have in his possession,

that he himself had marked "SECRET," that he had authored, and that the Government decided did not warrant criminal charges for him possessing when they found the documents. If they were so inextricably intertwined, the Defense does not see how he was not charged with unlawful possession of these documents. Furthermore, the Defendant's alleged refusal to continue to allow the agents to search his house in 2017 is not relevant, as it was a request for a voluntary search, and as phrased, is slightly factually inaccurate. The Government is trying to bring in the Defendant's actions from 2017 to establish intent of refusing to return classified documents as it relates to other documents. Intent cannot be established under the guise of propensity.

Thus, for the reasons outlined, the Defense objects to any mention of the 2017 discussions at the funeral, the alleged discussions relating to documents the Government currently has in its possession that they chose not to charge the Defendant with, or the fact that after a portion of a search, the Defendant did not give any further consent to a voluntary search of his residence in 2017.

**Wherefore,** the Defense respectfully requests that this Honorable Court exclude the 404(b) evidence from the upcoming trial in this matter.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing motion has been furnished by electronic filing using the CM/ECF system to all interested parties on this 9 day of September, 2022.

Respectfully submitted,

Roger Futerman
FL Bar No: 0149179
Roger Futerman & Associates
13620 49th Street North
Clearwater, FL 33762
Telephone: (727) 344-5511
futermanlaw@yahoo.com