UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:21-cr-348-SCB-SPF

JEREMY BROWN

**United States' Motion to Use "Silent Witness Rule" at Trial Pursuant to CIPA Section 6(c)**

The United States of America respectfully moves this Court for permission to use the "Silent Witness Rule" at trial pursuant to Section 6(c)(1) of the Classified Information Procedures Act ("CIPA"), Title 18 U.S.C. App. III. The government's requested use of the Silent Witness Rule ("SWR") is limited: it would apply to four documents and an addendum that will be presented to only a single expert witness, who will testify for the government as to the reasons these documents qualify as information relating to the national defense.[1]

## I. INTRODUCTION

Counts 6 through 9 of the Superseding Indictment charge Defendant Jeremy Brown with violating 18 U.S.C. § 793(e), which prohibits the unauthorized and willful retention of national defense information. These charges relate to four classified documents and one addendum (the "Classified Documents") that contain national

[1] To the extent the defense seeks to use additional classified material at trial or to show such material to witnesses other than the government's expert, the government submits that the Silent Witness Rule should also apply to such hypothetical uses. To use classified material in this manner, the defense will need to provide notice to the government pursuant to CIPA Section 5. At the time of filing, the government has not received such notice from the defense.

defense information, which were stored on a C.D. found at and seized from the Defendant's Recreational Vehicle during the execution of a search warrant.

To establish that the Documents contained "information relating to the national defense," the government need show only that (1) the information is directly and reasonably connected with the national defense, and (2) the information was closely held by the government. *See United States v. Campa*, 529 F.3d 980, 1004-05 (11th Cir. 2008) ("'information relating to the national defense' . . . is limited to information that the government has endeavored to keep from the public"). The Supreme Court has held that "national defense" is a "generic concept of broad connotations, referring to the military and naval establishments and the related activities of national preparedness." *Id.* (quoting *Gorin v. United States*, 312 U.S. 19, 28 (1941)).

At trial, the government anticipates calling an expert witness to testify that the Classified Documents were and remain classified, and that, as a result, they were subject to access restrictions, specific handling and storage requirements, and other protections designed to avoid the disclosure of information and material relating to the national security. As part of this testimony, the government's expert will testify about the Classified Documents. To enable the jury to adequately weigh this testimony, the government will provide copies of the Classified Documents to the jurors. The Court and the defense will also receive copies of the Classified Documents. However, because public disclosure of the Classified Documents reasonably could cause serious damage to national security, the Classified Documents cannot be declassified for the trial.

As detailed herein, the SWR provides a tool for balancing these two competing interests: first, the need of the parties, the jury, and the Court to consider classified documents relevant to the charged offenses; and, second, the government's obligation to protect against the public disclosure of classified material. For the reasons set forth below, the government hereby moves for an order from the Court allowing use of the SWR with respect to the Classified Documents.

## II. LEGAL AUTHORITY AND ARGUMENT

### A. The Silent Witness Rule Serves to Protect Classified Information

The government moves the Court to protect a limited universe of classified information from public disclosure using what has been termed the "silent witness rule." CIPA Section 6(c)(1) allows a court to order substitutions in lieu of disclosure of classified information. These substitutions may take any form the court deems appropriate in light of the specific circumstances. *See, e.g.*, *United States v. Abu Ali*, 528 F.3d 210, 247 (4th Cir. 2008) (CIPA procedures vest "district courts with wide latitude to deal with thorny problems of national security in the context of criminal proceedings"); *United States v. North*, 713 F. Supp. 1452, 1453 (D.D.C. 1988) (CIPA's legislative history "shows that Congress expected trial judges to fashion creative solutions in the interests of justice for classified information problems."). The SWR is one such form of substitution.

"The silent witness rule is a technique by which the parties present classified information to each other, to the jury, and to the court but not to the public." *United*

*States v. Mallory*, 40 F.4th 166, 172 (4th Cir. 2022) (citing *United States v. Zettl*, 835 F.2d 1059, 1063 (4th Cir. 1987)). As the Fourth Circuit has explained:

> Under such a rule, the witness would not disclose the information from the classified document in open court. Instead, the witness would have a copy of the classified document before him. The court, counsel and the jury would also have copies of the classified document. The witness would refer to specific places in the document in response to questioning. The jury would then refer to the particular part of the document as the witness answered. By this method, the classified information would not be made public at trial but the defense [and/or the government] would be able to present that classified information to the jury.

*Id.* at 174 (quoting *Zettl*, 835 F.2d at 1063). While the public would have access to highly redacted versions of the Classified Documents, only the jury, the Court, and cleared counsel for the parties would have access to the Classified Documents themselves. As one district court has stated, with respect to the use of classified information at trial, "the SWR is precisely the sort of judicially-created fair solution envisioned by Congress." *United States v. Rosen*, 520 F. Supp. 2d 786, 796 (E.D. Va. 2007).

**B. The Mechanics of the Silent Witness Rule at Trial**

The government proposes several additional steps to facilitate use of the SWR at trial. First, the government would provide each juror, the Court, and the defense with a binder of unredacted copies of the Classified Documents. The same process was followed in *Mallory*, 40 F.4th at 173, and it would enable the jurors to examine the Classified Documents while the government elicits unclassified testimony about the same from its expert witness. As in *Mallory*, the defense would be permitted to follow the same procedures during cross examination and/or with its own cleared expert,

should the defense choose to retain one. *Id.* This procedure ensures that the jury has full access to the information it needs to fulfill its obligations. *Id.* at 178 ("But a review of the record reveals that the silent witness rule denied *the jury* none of the information on which Mallory based his defense." (emphasis in original)). Second, the government will have Bates and line numbers added to the Classified Documents to enable the witness, the government, and the defense to direct the jurors to specific portions of the material. By way of example, the government is including, as Attachment A, hereto several unclassified pages from the *Mallory* trial that demonstrate how this process operates in practice.

### C. Proposed Use of the Silent Witness Rule Serves a Compelling Interest, is Narrowly Tailored, and Does Not Impact the Defendant's Ability to Make His Defense.

The government is not aware of any Eleventh Circuit precedent addressing the SWR. Several other courts, however, have applied the SWR in cases involving classified information. *See, e.g.*, *United States v. Mallory*, 572 F. Supp. 3d 225, 236-37 (E.D. Va. 2020), *aff'd United States v. Mallory*, 40 F.3d 166, 169 (4th Cir. 2022) (noting that defendant never challenged use of SWR with respect to classified documents and affirming use of SWR with respect to public documents related to classified materials); *United States v. Abu Ali*, 528 F.3d 210, 247 (4th Cir. 2008) (noting district court permitted use of silent witness rule at trial, but expressing no opinion regarding its use on appeal).

In *Mallory*, the District Court set forth a four-part framework for considering whether application of the SWR was appropriate. Under that formulation, the SWR

is appropriate when the government establishes that (1) it has a compelling interest for limiting the public's access to classified material; (2) use of the SWR is no broader than necessary to protect that interest; (3) no reasonable alternatives exist; and (4) the use of the SWR provides defendants with substantially the same ability to make their defense as full public disclosure of the evidence. *Id.* at 236 (citing *Rosen*, 520 F. Supp. 2d at 799).

Because the government's proposed use of the SWR in this case serves a compelling national security interest, is narrowly tailored to only the four documents and addendum charged in the Superseding Indictment, and does not impact the Defendant's ability to present a defense, the Court should grant the instant motion.

*1. The Government's Compelling Interest*

The Supreme Court has noted that "[i]t is 'obvious and unarguable' that no governmental interest is more compelling than the security of the Nation." *Haig v. Agee*, 453 U.S. 280, 307 (1981); *see also Department of Navy v. Egan*, 484 U.S. 518, 527 (1988) (recognizing the government's "compelling interest" in withholding national security information). "The government has a substantial interest in protecting sensitive sources and methods of gathering information," *Abu Ali*, 528 F.3d at 247 (quotations omitted), and "'in protecting both the secrecy of information to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service.'" *CIA v. Sims*, 471 U.S. 159, 175 (1985). Given this compelling interest, the Supreme Court can—and has in the past—justified limits on public access to court proceedings. *See, e.g.*, *Richmond Newspapers, Inc. v.*

*Virginia*, 448 U.S. 555, 598 n.24 (1980) (concurring opinion of Justices Brennan and Marshall citing "national security concerns" as an example of a possible basis for closure); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983) (stating that "courts have carved out several distinct but limited common law exceptions to the strong presumption in favor of openness," including privacy rights, trade secrets, and national security).

Here, where the materials in question present a serious risk of damage to the national security should they be disclosed, the government has satisfied the first prong of the *Mallory / Rosen* framework.

*2. Proposed use of the SWR is narrowly tailored.*

The government's request to use the SWR is narrowly tailored: it would apply to only four documents and addendum presented to a single witness. Far from effecting a courtroom closure, the government's proposed use of the SWR actually *avoids* a closure and enhances the public's ability to view the proceedings. It does so by affording the public the opportunity to listen to unclassified testimony about the Classified Documents and to do so while viewing heavily redacted versions of the Documents. Through this process, the public will be able to learn the government's theory as to why the Classified Documents relate to the national defense. Because this is an essential element of Counts 6 through 9 of the Superseding Indictment, the government's proposed use of the SWR will enhance the public's ability to understand the proceedings.

While the government submits that use of the SWR as described herein strikes

the appropriate balance between public access and national security, the government will request that the Court provide the jurors with an instruction as to their obligation to protect the classified information to which they will be privy during the trial. To avoid any potential prejudice, the government proposes the instruction be given after the jury returns its verdict, but before they are dismissed from their service. The government's proposed instruction will be included as part of the forthcoming jury instruction submissions.

*3. No alternatives exist and the Defendant is not impaired from presenting a defense.*

Because the Defendant is charged with violation 18 U.S.C. § 793(e), the government must establish that the Classified Documents found in his RV contain information relating to the national defense. Thus, the Classified Documents will necessarily be a part of the upcoming trial. Declassification of these documents is not an option given the national security risks presented by disclosure. Nor can the Classified Documents be redacted in a manner that would mitigate the national security risks, while also preserving the jury's ability to meaningfully evaluate whether the Classified Documents relate to the national defense. This is exactly the sort of Hobson's choice—protecting the national security versus pursuing charges under the Espionage Act—that CIPA was designed to prevent. *See, e.g.*, *United States v. Collins*, 720 F.2d 1195, 1197 (11th Cir. 1983) ("Prior to CIPA, there was no way to evaluate the cost, by way of damage to the national security and the nation's foreign relations, should the prosecution be initiated or pursued.").

The government's proposed use of the SWR will not impair the Defendant's

ability to present a defense. By ensuring that the jurors have access to unredacted versions of the Classified Documents, the SWR enables Defendant to make whatever arguments he wishes as to why these documents are not NDI. Whatever the ultimate contours of such arguments, they are likely to be *strengthened* by permitting jurors to have unredacted versions of the Classified Documents. Moreover, defense counsel has indicated that the defendant may seek to argue that the Classified Documents were "planted" in Defendant's RV. To the extent that the Defendant pursues this argument, the SWR will not impair or prejudice his ability to do so.

## III. Position of Opposing Party

The United States has conferred with counsel for the Defendant, who states his position as follows: "The defense at this time takes no position on the issue as the defense needs time to research. The defendant may ultimately oppose the motion or have no objection to it."

## IV. CONCLUSION

For the reasons set forth herein, the Court should approve the government's narrowly tailored request to use the "Silent Witness Rule" at trial pursuant to CIPA Section 6(c)(1).

Respectfully submitted this 15th day of September, 2022.

ROGER B. HANDBERG
United States Attorney

By: *s/Menno Goedman*
Menno Goedman
Trial Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 541-2147
Email:
Menno.Goedman@usdoj.gov

Daniel J. Marcet
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
Email: DMarcet@usa.doj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have caused an electronic copy of this filing to be served via ECF upon counsel for Defendant Jeremy Brown.

By: /s/

Menno Goedman
Trial Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 541-2147
Email:
Menno.Goedman@usdoj.gov