UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No.: 8:21-cr-348-SCB-SPF

JEREMY BROWN

**<u>UNITED STATES' SECOND NOTICE OF INTENT TO INTRODUCE
INEXTRICABLY INTERTWINED AND/OR RULE 404(B) EVIDENCE</u>**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Notice of Intent to Introduce Inextricably Intertwined and/or Rule 404(b) Evidence. It is the position of the United States that this evidence is intrinsic to the charged crimes. Nevertheless, in an abundance of caution, the United States is providing this Notice to the Defendant and the Court.

**I.   Background**

On September 30, 2021, federal agents executed a search warrant at the Defendant's residence and recreational vehicle (R.V.). In the bedroom of the R.V., agents located an ammunition carrier containing two M-67 fragmentation grenades. On a couch in the R.V., agents located an illegal short-barrel shotgun. Next to the shotgun, agents located a briefcase. Inside the briefcase, agents located photographs and personal papers of the Defendant. Among those papers, agents found a paper copy of a classified Memorandum concerning a missing soldier that the Defendant had authored, which was marked "SECRET," as well as a C.D. marked as classified with a red "SECRET" sticker. Subsequent review of that C.D. revealed that it had numerous classified documents that the Defendant had retained from his time in the

military.

In Counts 6 through 9 of the Superseding Indictment, the Defendant is charged with the willful retention of National Defense Information, in violation of 18 U.S.C. § 793(e). The date range alleged in the Superseding Indictment is "[f]rom an unknown date, but continuing through on or about September 30, 2021." The charges relate to four documents and an addendum that were stored on the C.D. All of these documents were classified at the "SECRET" level.

It is the understanding of the United States that the Defendant intends to argue at trial that the classified documents and grenades were planted in his R.V. by federal agents, who he claims were upset that he would not provide information to them.  It is also the understanding of the United States that the Defendant intends to testify at trial, and to call several character witnesses in his defense.   Based on this understanding, the United States respectfully requests authorization to utilize the below proffered evidence during its case-in-chief, on cross examination, or during its rebuttal case.

## II.   The Proffered Evidence

While in the Special Forces, over the course of eight months from September 2010 to April 2011, the Defendant "knowingly and willfully placed approximately 67 unauthorized files on the [Department of Defense computer system] shared drive." *See* Exhibit 1.   The military determined that the 67 files that the Defendant had uploaded contained "pornographic photos and videos."   *Id.*

On September 29, 2011, the Defendant received a General Officer

Memorandum of Reprimand ("GOMR") for these actions, attached hereto as Exhibit 1. The GOMR determined that, but uploading pornography to the military computer systems, the Defendant had "compromised the high standards of personal conduct and exemplary behavior expected of a Senior Noncommissioned Officer and Special Forces." It further determined that the Defendant's behavior was "inexcusable and incompatible with the maintenance of high standards of performance, military discipline and readiness," and had "demonstrated extremely poor judgment, a lack of self-discipline, lack of professionalism and set an extremely poor example for all Soldiers."

On October 3, 2011, the Defendant acknowledged that he had read the GOMR and that he did not have information to present on his behalf. He signed and dated the GOMR.  On October 5, 2011, the GOMR was made a part of the Defendant's Official Military Personnel File, indicating its significance.

The Defendant's commanding officer, wanting to ensure that the Defendant's children would not lose their pension, intervened to prevent the Defendant from being dishonorably discharged. As a result of this GOMR, however, the Defendant was barred from reenlistment in the military.

The Defendant was angry about the GOMR, and he later claimed that the GOMR was levied against him in retaliation for the contents of a classified memorandum that he had written.  The Defendant finished out his term of enlistment and retired from the Army in 2012.

### III. Analysis

Pursuant to Federal Rule of Evidence 404(b), while "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2). Evidence of other acts is not extrinsic under Rule 404(b) if it: (1) arose out of the same transaction as the charged offense; (2) is necessary to complete the story of the crime; or (3) is inextricably linked with the charged offense. *United States v. Ellisor*, 522 F.3d 1255, 1269 (11th Cir. 2008). It is axiomatic that "[e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if it is linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. McClean*, 138 F.3d 1398, 1403 (11th Cir. 1998) (quoting *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985)).

The proffered evidence relating to the Defendant's GOMR and his bar to re-enlistment is admissible, both as inextricably intertwined evidence and pursuant to Rule 404(b). The United States intends to prove that the Defendant was angry at the military because of the GOMR, which he claims was retaliation against him for the contents of a classified Memorandum that he had written. Federal agents located that classified Memorandum inside the Defendant's R.V., alongside a C.D. containing the

4

classified documents charged in Counts 6 through 9 of the Superseding Indictment. It is reasonable to infer that the Defendant's anger about the GOMR provided one of the Defendant's motives for continuing to retain classified information and military ordnance after his retirement. Thus, this evidence is relevant to establishing the "context, motive and set-up of the crime," *McClean*, 138 F.3d at 1403, and is thus admissible both as inextricably intertwined with the charged crimes and pursuant to Rule 404(b).

For these reasons, it is the position of the United States that the proffered evidence relating to the Defendant's GOMR and his resulting anger is relevant and admissible.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:  */s/ Daniel J. Marcet*
      Daniel J. Marcet, AUSA
      Florida Bar No. 0114104
      400 N. Tampa St., Ste. 3200
      Tampa, FL 33602-4798
      Telephone: (813) 274-6000
      E-mail: Daniel.Marcet@usdoj.gov

      Menno Goedman
      Trial Attorney
      National Security Division
      U.S. Department of Justice
      950 Pennsylvania Ave. NW
      Washington, DC 20530
      Telephone: (202) 541-2147
      Email: Menno.Goedman@usdoj.gov

U.S. v. Jeremy Brown                                  Case No. 8:21-cr-348-SCB-SPF

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Roger Futerman, Esq.

                                                */s/ Daniel J. Marcet*
                                                Daniel J. Marcet
                                                Assistant United States Attorney
                                                Florida Bar No. 0114104
                                                400 N. Tampa St., Ste. 3200
                                                Tampa, FL 33602-4798
                                                Telephone: (813) 274-6000
                                                Facsimile: (813) 274-6358
                                                E-mail: Daniel.Marcet@usdoj.gov