UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 8:21-cr-348-SCB-SPF

JEREMY BROWN,

      Defendant.
_____/

**O R D E R**

Before the Court is the Government's Notice of Intent to Use Inextricably Intertwined and/or 404(b) Evidence. (Doc. 207). Defendant Jeremy Brown filed an Objection to the Notice (Doc. 209) and the Government filed a Response to the Objection (Doc. 215). For the reasons explained below, Defendant's Objection is overruled and the Government will be permitted to introduce at trial the proffered evidence relating to Defendant's refusal to return classified information to federal agents in 2017.

**I. BACKGOUND AND THE GOVERNMENT'S NOTICE**

Counts 6 through 9 of the Superseding Indictment charge Defendant with the unauthorized possession, and willful retention, of classified national defense documents, in violation of 18 U.S.C. § 793(3). The date range alleged in the

Superseding Indictment is "[f]rom an unknown date, but continuing through on or about September 30, 2021." (Doc. 159, p. 5). The charges relate to four documents that were located on a C.D. that federal agents recovered within Defendant's R.V. on September 30, 2021. The C.D. was located in a briefcase along with a paper copy of a classified memorandum relating to a missing U.S. soldier. All of the documents were marked classified at the "SECRET" level. The Government intends to introduce evidence at trial showing that Defendant retired from the U.S. Army in 2012, and that he obtained the C.D. and the paper document at some point prior to his retirement.

    The evidence proffered in the Government's instant Notice concerns events in 2017, when Defendant allegedly boasted to friends that he had taken several classified documents relating to a missing soldier. Based on this information, federal agents went to the Defendant's residence—the same residence that was searched on September 30, 2021—and interviewed him about whether he possessed a document concerning the missing soldier or any other classified information. Defendant was offered the opportunity to return any classified information and he denied possessing any such information, but he admitted that he may have discussed classified information while intoxicated. Defendant permitted the agents to search a shed on his property for classified information and

no such information was recovered, but Defendant refused to permit the agents to search any other area on his property.

## II. DEFENDANT'S OBJECTION

Defendant's objection to the introduction of the proffered evidence is based in large part on his misunderstanding that the classified documents that federal agents were inquiring about in 2017 were different from the documents charged in the instant case. However, the Government intends to introduce evidence that the documents charged in this case were already in the Defendant's possession before 2017 and, thus, were within the scope of the agents' questioning about whether he had "any" classified documents. Additionally, throughout his Objection, Defendant mistakenly refers to his own statements to the investigating agents as "hearsay." (*See, e.g.*, Doc. 209 at 1, 2). Defendant's statements to the agents in 2017 are admissible at trial as non-hearsay. *See* Fed. R. Evid. 801(d)(2)(A) (an "opposing party's statement" is not hearsay).

## III. RELEVANT LAW

Pursuant to Federal Rule of Evidence 404(b), evidence of other crimes is not admissible to show proof of bad character. Such evidence may, however, be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b); *see also*,

3

*United States v. Sterling*, 738 F.3d 228, 237 (11th Cir. 2013); *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007). Furthermore, Rule "404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case." *United States v. Perez-Tosta*, 36 F.3d 1552, 1562 (11th Cir. 1994). For "extrinsic" evidence of a defendant's other acts to be admissible under Rule 404(b): (1) it must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof for the jury to determine that the defendant committed the act at issue; and (3) the probative value of the evidence cannot be substantially outweighed by its undue prejudice. *Edouard*, 485 F.3d at 1344.

Evidence of conduct other than the charged offense is not "extrinsic" under Rule 404(b) and, thus, falls outside the scope of the Rule if it is necessary to complete the story of the crime or is inextricably intertwined with the evidence regarding the charged offenses. *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). Therefore, "[e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive, and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is

4

necessary to complete the story of the crime for the jury." *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985).

## IV. DISCUSSION

The proffered evidence relating to Defendant's boasting about possession of classified information and his subsequent denial of his possession of classified information to federal agents is intrinsic to the charged crimes of retention of U.S. military documents. The Government asserts that it intends to prove that Defendant must have obtained the C.D. containing the charged classified documents prior to his 2012 retirement from the military and, thus, those documents must have been in his possession in 2017 when federal agents asked him whether he possessed any classified information—and offered him the opportunity to return any classified information in his possession. The agents' inquiries to Defendant in 2017, therefore, related to the same classified documents that Defendant is charged with possessing in the Superseding Indictment, and the agents' visit and interview of Defendant occurred at the same residence where those documents eventually were located on September 30, 2021. The Court agrees with the Government that these facts taken together demonstrate that the 2017 interview is intrinsic or inextricably linked with the crimes charged in the Superseding Indictment. *See McLean*, 138 F.3d at 1403.

5

The Government asserts that the proffered evidence will show that Defendant lied to law enforcement and denied consent to search his residence because he knew he had classified information—both the C.D. and the paper document about the missing soldier—and he knew that he was not lawfully permitted to retain classified information after leaving the military. The Court agrees with the Government that the federal agents' 2017 investigation of the Defendant for possession of classified documents, at a time when the Defendant already possessed the classified information charged in this case, and at the same location where the charged classified information was seized in this case, is intrinsic to the charged crimes.

Even if the proffered evidence is deemed extrinsic, the Court agrees with the Government that it is still admissible pursuant to Rule 404(b). First, the proffered evidence is relevant to proving issues other than the Defendant's character. *See Edouard,* 485 F.3d at 1344. Specifically, the evidence is relevant to establishing the Defendant's "intent, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). The Superseding Indictment alleges that the Defendant, "having unauthorized possession of, access to, and control over documents relating to the national defense, willfully retained the documents and failed to deliver them to the officer or employee of the United States entitled to receive it" (Doc. 159 at 5). The

6

proffered evidence tends to establish the Defendant's intent to "retain" documents relating to the defense and not deliver them, in 2017, when federal agents—"employees of the United States entitled to receive" classified information—confronted him about admitting to possessing classified information and gave him the opportunity to return any such information in his possession. Defendant did not take this opportunity, but rather, he denied possessing classified information and failed to return any of the classified information in his possession to the agents. The evidence is also relevant to the Government establishing that Defendant acted willfully inasmuch as his false statements to the agents regarding possession of classified information establish consciousness of guilt concerning the charged offenses.

Furthermore, the proffered evidence is relevant to establishing Defendant's "deliberate ignorance" as to whether he possessed classified information. To the extent that Defendant intends to argue that he did not know the C.D. at issue, which was marked "SECRET," contained classified information, the Court agrees with the Government that any such argument would amount to deliberate ignorance. Defendant's 2017 interview with federal agents put him on notice that he was not permitted to possess classified information and was required to return

7

any such information to federal agents. Any failure on Defendant's part, thereafter, to conduct a search of his premises for classified information would be deliberate ignorance. A defendant's "deliberate ignorance" may be offered as proof of knowledge because "if a party has his suspicion aroused but then deliberately omits to make further enquiries, because he wishes to remain in ignorance, he is deemed to have knowledge." *United States v. Rivera*, 944 F.2d 1563, 1570 (11th Cir. 1991) (quotation marks omitted).

Second, there is "sufficient proof" relating to the 2017 interview of Defendant by federal agents because the Government intends to present a federal agent with first-hand knowledge about Defendant's statements. Finally, the probative value of the proffered evidence is not outweighed by undue prejudice to Defendant. "A defendant who enters a not guilty plea makes intent a material issue, imposing a substantial burden on the government to prove intent; the government may meet this burden with qualifying 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." *United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995). Whether the probative value of an uncharged act outweighs its prejudicial effect depends upon the circumstances of the case. *See Edouard*, 485 F.3d at 1345.

Here, as the Government asserts, Defendant has pled not guilty to unlawful retention of national defense information, placing a heavy burden on the Government to prove that Defendant acted willfully. The proffered evidence is not unduly prejudicial to Defendant because the classified information that Defendant possessed when federal agents interviewed him in 2017—the document about the missing soldier and the C.D.—was the same classified information that was recovered in the instant case. The Government asserts that it intends to show the jury a photograph of a redacted version of the document concerning the missing soldier, as well as the C.D. Thus, the 2017 incident did not involve a different crime, or other classified information that the jury will not hear about in this case. And because Defendant has not taken affirmative steps to "remove intent as an issue" in this trial, the probative value of the 2017 interview greatly outweighs its prejudicial effect. *See Delgado*, 56 F.3d at 1365.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Defendant's Objection is overruled and the Government will be permitted to introduce at trial the proffered evidence relating to Defendant's refusal to return

classified information to federal agents in 2017.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of September, 2022.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

*Copies furnished to:*
Counsel of record