UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

Case No.: 8:21-cr-348-SCB-SPF

v.

JEREMY BROWN

**UNITED STATES' MOTION FOR LEAVE TO FILE OUT OF TIME**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Motion for Leave to File a Motion Out of time. The Motion in Limine deadline in this case was October 7, 2022. On October 18, 2022, the Defendant made a supplemental expert disclosure relating to an anticipated expert witness, which constituted a 180-degree reversal in the expert's original opinion, and contained new areas of testimony that the witness intended to testify about. The United States respectfully requests permission to file a Motion challenging these disclosures and the propriety of the proffered expert testimony by October 25, 2022.

I.  Timeline of Expert Disclosures

On September 12, 2022, the Defendant provided the United States with an initial expert disclosure for expert witness Robert Henry. The initial expert disclosure stated, in its entirety:

> Pursuant to our reciprocal discovery, I hereby list and notice Robert Henry as an expert witness. His CV is attached. Also, while not explicitly spelled out in his CV Mr. Henry does and has reviewed hundreds of classified top secret and/or secret documents. He is expected to testify about whether the documents that the Defendant is charged with are truly classified. Accordingly, he will need to be screened to allow access with us when we go view the documents. He currently has a top security clearance. Mr. Henry is also expected to testify and explain the path of the grenades as it related to the

> computer-generated documents you provided me. Finally, Mr. Henry will testify as to any evidence as it relates to the Defendant, his military personnel records as well as path of the grenades. He is expected to explain to the jury what the documents you provided to me states and what it means as to each grenade.

The "computer-generated documents" referenced in this disclosure were two "trace reports" relating to the grenades that the Defendant is charged with possessing. The C.V. attached to the letter showed that Mr. Henry had served in the army for approximately 22 years, but it did not clearly indicate any relevant experience in classification decisions, nor did it specifically reference any familiarity with grenade trace reports.

    The following day, September 13, counsel for the United States asked defense counsel to provide additional detail as to the opinions Mr. Henry would render, or a report summarizing his testimony in greater detail. Counsel for the United States explained that additional information was necessary in order to decide whether the United States would be filing a motion to challenge the admissibility of Mr. Henry's testimony.

    Defense counsel responded by email that same day, writing:

> As to the classified documents obviously he will render an opinion when he sees the documents whether they are or are not classified.
> As to one of the grenades he will give the opinion that according to the paperwork provided it has been destroyed (I can let you know which one when I make contact with him).
> The other grenade he will explain what that document says, which to a lay person is kind[] of gibberish. He will specifically tell the jury where that grenade has been in its journeys. He will also will explain what paperwork is required to track a grenade.
> Let me know if you need any other specifics.

    Defense counsel's disclosure that Mr. Henry planned to testify that, in his expert

opinion, the grenade trace reports showed that one of the grenades "has been destroyed" and that Mr. Henry also believed that the trace reports showed where the second grenade had been "in its journeys" was concerning. The trace reports state, in plain English, that they do not pertain to any individual grenade because grenades are traced by "lot number." Indeed, the grenades themselves bear identical markings, and there is no serial number or other identifying information to enable the sort of distinction that Mr. Henry was making.

After receiving this email, on September 13, the undersigned AUSA called defense counsel to read through the trace reports to show that the expert was mistaken– in short, the trace reports clearly state that the grenades were traced by lot number, and no specific information about any individual grenade was contained in the trace reports. That same day, defense counsel sent a follow-up email, stating:

> [Mr. Henry's] opinions remain unchanged, including the evidence presented shows that one of the grenades were destroyed. I am discussing more with him Tuesday, and may be able to provide a more detailed summary [September 21] once he educates me. He has no time until then due to his family previously scheduled commitments.

In subsequent phone calls, counsel for the United States continued to explain that this opinion was not a possible interpretation of the trace documents.

The Motions in Limine deadline in this case was set for October 7, 2022. The United States did not file a motion to exclude Mr. Henry's testimony at that time because the United States was still waiting to receive a more thorough – and plausible – disclosure regarding Mr. Henry's testimony.

On October 17, the undersigned AUSA again reached out to defense counsel to

inquire whether he still intended to call Mr. Henry to testify at trial. Defense counsel responded, "Yes, let me talk to him a little more, I will file a modification of the summary."

On October 18, defense counsel sent the following additional information:

> If we call expert Robert Henry he intends to educate the jury on what the trace report is, and how it is generated. He intends to explain that the report shows the grenades are from a large lot. He will state that with the paperwork provided there cannot be shown an association with Mr. Brown. He will also opine that if Mr. Brown was issued these in the army there should be a DA form 5692 which indicated if these grenades were used or destroyed. He will explain the trace report, and what it shows as to the storage of these grenades. He will discuss the specific grenades, the time frame of a trace report as it relates to these grenades, the approximate age of the grenades, the spoons and the tape. He will reference the trace report that was provided in discovery as well as the pictures of the grenades that were discovered. He will discuss the importance of the trace report and DA form as it relates to grenades. He will also give his military opinion that the tape around the grenades is not something consistent with special forces use.

Thus, unsurprisingly, Mr. Henry had made an about-face in his opinion as to the meaning of the grenade trace reports, and now concedes that – as the reports plainly state – they do not contain any information about the disposition of a specific grenade. In addition, the October 18 disclosure revealed that Mr. Henry planned to offer testimony on several areas not previously anticipated, including new opinions regarding: (1) the "importance of the trace report and DA form as it relates to grenades"; (2) "the approximate age of the grenades, the spoons and the tape"; and (3) a "military opinion that the tape around the grenades is not something consistent with special forces use."

## II. Proposed Motion

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> > **(b)** the testimony is based on sufficient facts or data;
> > **(c)** the testimony is the product of reliable principles and methods; and
> > **(d)** the expert has reliably applied the principles and methods to the facts of the case.

The United States respectfully requests permission to file a motion making several separate arguments. As to Mr. Henry's revised opinion relating to the grenade trace reports, the Proposed Motion would make two arguments. First, the grenade trace reports and military grenade issuance procedures are not the proper subject of an expert opinion. The United States believes that – in spite of Mr. Henry's vacillating opinions – the content of the trace reports is not subject to reasonable dispute and should be explained by a fact witness familiar with these types of documents. Indeed, the United States intends to call such a fact witness who is very familiar with these types of documents. Allowing Mr. Henry to offer an "opinion" about what these documents state – beyond their actual contents – would only serve to confuse and mislead the jury.

Second, to the extent that the Court believes that the trace report and military grenade issuance procedures are an appropriate subject of expert opinion testimony, the United States respectfully submits that it is not clear from Mr. Henry's C.V. how he would be qualified to discuss these matters. While it is possible from his military experience that he has relevant experience – his C.V. references "accountability for ammunition" as a responsibility that he had – the United States respectfully submits

5

that further inquiry and information about his background would be necessary to determine whether he is qualified to offer an opinion on these matters.

As to the newly disclosed areas of expert testimony, the United States would make three separate arguments. First, as to Mr. Henry's opinion regarding "the approximate age of the grenades, the spoons and the tape," it is not clear what this means. The manufacture dates of the grenades and their components are clearly stated on the trace reports, and it is difficult to fathom how Mr. Henry could offer an opinion on the age of the tape on the grenades absent first-hand knowledge of when these particular grenades were taped, or absent some type of scientific testing that he has yet to perform. He does not appear to have any background in forensic sciences, much less the aging of textiles or other materials. Thus, additional information about Mr. Henry's qualifications and the basis of his opinion would be necessary before he should be permitted to render an expert opinion on these matters.

Second, the "importance of the trace report and DA form as it relates to grenades" is not an appropriate subject matter of expert testimony. The content of these documents and the procedures surrounding the issuance of military grenades is relevant to the jury's understanding of the evidence and should be explained by a fact witness, but to permit an expert witness to offer an opinion as to their "importance" will not aid the jury in understanding the evidence in this case.

And third, based on his C.V., it is not clear how Mr. Henry is qualified to offer his "military opinion that the tape around the grenades is not something consistent with special forces use," much less why such evidence would be relevant. His C.V.

6

does not state that he served in the Army Special Forces or that he was deployed with or assigned to Special Forces units. Additionally, there is no elaboration on the basis for this opinion, nor is there any indication that the " Special Forces" have a uniform method of taping grenades in all circumstances. Moreover, there is no indication that Mr. Henry is familiar with the Defendant's assignments while in the Army and, thus, his general opinion about how the grenades are taped by other members of the Special Forces would not likely be relevant – particularly given that the grenades were recovered in the Defendant's R.V. over a decade after he left the Army. Accordingly, absent additional information, it is not clear how Mr. Henry is qualified to offer this opinion or that the opinion would be reliable or relevant.

The United States respectfully requests Leave to file a Motion raising these arguments by no later than October 25, 2022, which would be one week after the new expert opinions were disclosed. Counsel for Defendant indicated at the Status Conference on October 19, 2022, that he opposed the relief sought in this Motion.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   */s/ Daniel J. Marcet*
       Daniel J. Marcet, AUSA
       Florida Bar No. 0114104
       400 N. Tampa St., Ste. 3200
       Tampa, FL 33602-4798
       Telephone: (813) 274-6000
       E-mail: Daniel.Marcet@usdoj.gov

       Menno Goedman
       Trial Attorney
       National Security Division

                    U.S. Department of Justice
                    950 Pennsylvania Ave. NW
                    Washington, DC 20530
                    Telephone: (202) 541-2147
                    Email: Menno.Goedman@usdoj.gov

U.S. v. Jeremy Brown                               Case No. 8:21-cr-348-SCB-SPF

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Roger Futerman, Esq.

                                              */s/ Daniel J. Marcet*
Daniel J. Marcet
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Daniel.Marcet@usdoj.gov