UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:21-cr-348-SCB-SPF
     26 U.S.C. § 5861(d)
     18 U.S.C. § 842(j)
JEREMY BROWN   18 U.S.C. § 793(e)

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE

From an unknown date, but continuing through on or about September 30, 2021, in Hillsborough County, in the Middle District of Florida, the defendant,

JEREMY BROWN,

knowingly possessed a firearm, as defined in 26 U.S.C. §§ 5845(a)(1) and (d), namely, a CBC Industries shotgun, 410 Gauge, model SB42Y, serial number C1247014, having a barrel or barrels of less than 18 inches in length, not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5861(d) and 5871.

### COUNT TWO

From an unknown date, but continuing through on or about September 30, 2021, in Hillsborough County, in the Middle District of Florida, the defendant,

JEREMY BROWN,

knowingly possessed a firearm, as defined in 26 U.S.C. §§ 5845(a)(3) and (c), namely,

a Palmetto Armory rifle, 5.56 caliber, model PA-15, serial number LW257921, having a barrel or barrels of less than 16 inches in length, not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5861(d) and 5871.

## COUNT THREE

From an unknown date, but continuing through on or about September 30, 2021, in Hillsborough County, in the Middle District of Florida, the defendant,

JEREMY BROWN,

knowingly possessed a destructive device, as defined in 26 U.S.C. §§ 5845(a)(8) and (f)(1)(B), namely, an explosive grenade, model M67, Lot # 7-69 COMP B MA-11-12F, referred to here as grenade A, not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5861(d) and 5871.

## COUNT FOUR

From an unknown date, but continuing through on or about September 30, 2021, in Hillsborough County, in the Middle District of Florida, the defendant,

JEREMY BROWN,

knowingly possessed a destructive device, as defined in 26 U.S.C. §§ 5845(a)(8) and (f)(1)(B), namely, an explosive grenade, model M67, Lot # 7-69 COMP B MA-11-12F, referred to here as grenade B, not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5861(d) and 5871.

## COUNT FIVE

From an unknown date, but continuing through on or about September 30, 2021, in Hillsborough County, in the Middle District of Florida, the defendant,

JEREMY BROWN,

knowingly stored explosive material in a manner not in conformity with regulations promulgated by the Attorney General and pursuant to 18 U.S.C. § 847, in that he stored two grenades, model M67, Lot # 7-69 COMP B MA-11-12F, in a recreational vehicle located at 4804 10th Avenue South, Tampa, Florida 33619, said recreational vehicle not then conforming with the requirements of Type 1 through 5 storage facilities.

In violation of 18 U.S.C. §§ 842(j), 844(b), and 27 C.F.R. § 555.201, *et seq.*

## COUNTS SIX THROUGH TEN

### Introduction

1.  From in or around October 1992 until in or around October 2012, the defendant, JEREMY BROWN, served in the U.S. Army Special Forces.

2.  Pursuant to Executive Order 12958 signed on April 17, 1995, as amended by Executive Order 13292 on March 25, 2003, and Executive Order 13526 on December 29, 2009, national security information was classified as "TOP SECRET," "SECRET," or "CONFIDENTIAL." National security information was information owned by, produced by, produced for, and under the control of the United States

government that was classified as follows:

    A. Information was classified as TOP SECRET if the unauthorized disclosure of that information reasonably could be expected to cause exceptionally grave damage to the national security that the original classification authority was able to identify and describe.

    B. Information was classified as SECRET if the unauthorized disclosure of that information reasonably could be expected to cause serious damage to the national security that the original classification authority was able to identify and describe.

    C. Information was classified as CONFIDENTIAL if the unauthorized disclosure of that information reasonably could be expected to cause damage to the national security that the original classification authority was able to identify and describe.

    3.    Classified information was marked according to its classification following standard formats for different types of media, including headers and footers stating the highest classification level of information a document contained and individual classification markings for each paragraph. Information classified at any level could only be lawfully accessed by persons determined by an appropriate United States government official to be eligible for access to classified information, who had signed an approved non-disclosure agreement, who received a security clearance, and who had a "need to know" the classified information. Classified information could only be stored in an approved facility and container.

    4.    From in or around 1993 until in or around October 2012, BROWN held a SECRET security clearance and had lawful access to classified information relating to the national defense that was closely held by the government ("National Defense Information" or "NDI").

## The Charges

From an unknown date, but continuing through on or about September 30, 2021, in Hillsborough County, in the Middle District of Florida, the defendant,

JEREMY BROWN,

having unauthorized possession of, access to, and control over documents relating to the national defense, willfully retained the documents and failed to deliver them to the officer or employee of the United States entitled to receive it, as specified in each count below:

| COUNT | DOCUMENT | NDI CLASSIFICATION LEVEL |
|---|---|---|
| 6 | Threat Frequency Report – Combined Explosives Exploitation Cell (CEXC) – Afghanistan dated October 13, 2004 | SECRET |
| 7 | IED Incident Report – CEXC and Addendum dated January 6, 2005 | SECRET |
| 8 | Spider Device Testing Procedures and Results dated November 1, 2004 | SECRET |
| 9 | Fragmentary Order dated January 14, 2005 | SECRET |
| 10 | Trip Report dated September 1, 2011, and Attachments | SECRET |

In violation of 18 U.S.C. § 793(e).

## FORFEITURES

1. The allegations contained in Counts One through Ten are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18

5

U.S.C. §§ 793(h), 981(a)(1), 844(c) and 982(a)(2)(B), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303.

2. Upon conviction of a violation 26 U.S.C. § 5861, the defendant shall forfeit to the United States, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), any firearms involved in the violation, and, pursuant to 49 U.S.C. § 80303 and 28 U.S.C. § 2461(c), any aircraft, vehicle, or vessel used to facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of such firearm.

3. Upon conviction of a violation of 18 U.S.C. § 842, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 844(c) and 28 U.S.C. § 2461(c), any explosive materials involved or used or intended to be used in the violation.

4. Upon conviction of a violation 18 U.S.C. § 793, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 793(h)(1), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, from any foreign government, or any faction or party or military or naval force within a foreign country, whether recognized or unrecognized by the United States, as the result of such violation.

5. The property to be forfeited includes, but is not limited to, the following:

    a. CBC Industries shotgun, 410 Gauge, model SB42Y, serial number C1247014;

    b. Palmetto Armory rifle, 5.56 caliber, model PA-15, serial number LW257921; and

    c. Two military hand grenades, model M67, Lot # 7-69 COMP B MA-11-12F.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 793(h)(3) and 982(b)(1), and 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████████

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Daniel J. Marcet
Assistant United States Attorney
Middle District of Florida

By: _____
Menno Goedman
Trial Attorney
National Security Division

By: _____
Cherie L. Krigsman
Assistant United States Attorney
Chief, National Security Section

FORM OBD-34
November 22

No. 8:21-cr-348-SCB-SPF

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

JEREMY BROWN

SECOND SUPERSEDING INDICTMENT

Violations: 26 U.S.C. § 5861(d)
18 U.S.C. § 842(j)
18 U.S.C. § 793(e)

A true bill,

███████████████

Foreperson

Filed in open court this 8th day

of November 2022.

_____
Clerk

Bail $_____

GPO 863 525