UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:21-cr-348-SCB-SPF

JEREMY BROWN

## UNITED STATES OF AMERICA'S
## MEMORANDUM OF LAW REGARDING FORFEITURE

The United States of America submits the following memorandum regarding the procedure governing the forfeiture sought in this case.[1]

## MEMORANDUM OF LAW

The United States seeks to forfeit (1) a CBC Industries shotgun, 410 Gauge, model SB42Y, serial number C1247014, (2) a Palmetto Armory rifle, 5.56 caliber, model PA-15, serial number LW257921, and (3) two military hand grenades (grenades), model M67, Lot # 7-69 COMP B MA-11-12F, seized from the defendant at his residence on or about September 30, 2021.

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), a party may request a jury determination of the nexus between property sought for forfeiture and the offenses of conviction. The United States does not request a jury determination. The United States further submits that a forfeiture proceeding is not necessary in this

---

[1] This memorandum is being filed in conjunction with the United States' proposed special verdict form and forfeiture jury instructions.

case if the defendant is convicted of being in possession of unregistered firearms/destructive devices, in violation of 26 U.S.C. § 5861, as charged in Counts One through Four of the Second Superseding Indictment, and/or of the unlawful storage of explosive materials, in violation of 18 U.S.C. § 842, as charged in Count Five. This is because a jury's finding of guilt on these charges is an implicit finding that there is a nexus between the offenses and the involved firearms and/or grenades.

To the extent the Court concludes that a forfeiture proceeding is necessary, this memorandum also outlines the procedure governing the forfeiture phase of the trial in the event that the defendant requests it.

## MEMORANDUM OF LAW

### I.  Background

1.  Counts One through Four of the Second Superseding Indictment charge the defendant with being in possession of unregistered firearms/destructive devices, in violation of 26 U.S.C. § 5861(d). Doc. 250. Count Five charges the defendant with storing explosive material, that is two grenades, in a manner not in conformity with regulations promulgated by the Attorney General and pursuant to 18 U.S.C. § 847, in violation of 18 U.S.C. §§ 842(j), 844(b), and 27 C.F.R § 555.201, *et seq. Id.* Counts Six through Ten charge the defendant with unlawful retention of national defense information, in violation of 18 U.S.C. § 793(e).

2.  The forfeiture allegations of the Second Superseding Indictment notified the defendant that, under the provisions of 18 U.S.C. §§ 793(h), 844(c), 26 U.S.C. §

2

5872, and 28 U.S.C. § 2461(c), among others, the United States intended to forfeit the assets identified on page one, *supra*. *Id.* at 6.

## II.   Applicable Statutes

The Court's authority to forfeit the specific assets for a person convicted of being in possession of unregistered firearms/destructive devices, in violation of 26 U.S.C. § 5861(d), is found in 26 U.S.C. § 5872, which provides for the forfeiture of any firearm involved in such violation. In addition, the Court's authority to forfeit the specific assets for a person convicted of storing explosive material in a manner not in conformity with regulations promulgated by the Attorney General and pursuant to 18 U.S.C. § 847, in violation of 18 U.S.C. § 842(j), is found in 18 U.S.C. § 844(c), which provides for the forfeiture of any explosive materials involved or used or intended to be used in such violation. Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of such property are governed by 21 U.S.C. § 853.

## III.   Forfeiture Proceeding

### A. There is No Need for a Forfeiture Proceeding Because the Nexus is Implicit in a Jury Finding of Guilt on Counts One through Five

In order for property to be forfeited, there must be a finding that there is a nexus between the property and the offenses for which the defendant is convicted. Here, any Special Verdict for Forfeiture presented to the jury in the forfeiture phase of the trial would require the jury to decide, in part, whether the unregistered

firearms/destructive devices that the defendant illegally possessed were involved in the offenses charged in Counts One through Four, and/or whether the grenades were involved in the offense of unlawfully storing explosive materials, as charged in Count Five. Because that factual issue is an implicit finding in a verdict of guilty on any or all of Counts One through Five, the need for a nexus determination by the jury is obviated here. *See United States v. Boston*, No. 11-CR-107(DLI), 2011 WL 4101109 (Aug. 16, 2011) (declining to submit forfeiture of seized guns to the jury because jury's finding of guilt on gun charges requires forfeiture of involved weapons); *cf. United States v. Cunningham*, Case No. 8:14-cr-133-T-23EAJ, Doc. 101 (granting government's motion for entry of a preliminary order of forfeiture for handgun and ammunition possessed by defendant in furtherance of a drug trafficking crime as charged in indictment because "[a] finding that the handgun and ammunition facilitated Count One [drug trafficking offense] and were involved in Count Two [violation of 18 U.S.C. § 924(c)(1)(A)] inheres in the unanimous verdict."). In *Boston*, 2011 WL 4101109, at *1, the Court stated:

> Here, if the jury finds the defendant guilty as charged, then the jury, by necessity, must have found that the defendant knowingly and intentionally possessed a firearm and ammunition, which is an element of the crime charged. 18 U.S.C. § 922(g)(1). As such, the forfeiture provision of 18 U.S.C. § 924(d)(1), which applied to knowing violations of § 922(g) requires such firearm 'be subject to seizure and forfeiture.'

4

Therefore, if the defendant is convicted of possessing the unregistered firearms/grenades and/or of the unlawful storage of the grenades, it follows that the firearms/grenades were involved in the offenses and, therefore, are subject to forfeiture.

### B. Procedure for Forfeiture Phase, if Determined to be Necessary

Should the defendant request a jury determination on the forfeitability of his property and the Court agrees that such a determination is appropriate, the United States asks that, in the second part of the jury's bifurcated deliberation, the Court issue its proposed Jury Instructions and Special Verdict for Forfeiture, which provide interrogatories that will require the jury to determine the essential factual issues necessary for the Court to enter a forfeiture order.

Federal Rule of Criminal Procedure 32.2 sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture.[2] In order to have a jury determination on property subject to forfeiture, ***prior to the jury's commencement of deliberations regarding guilt***, a party must request that the jury also make a forfeiture determination in the event that the jury delivers a

---

[2] There is no constitutional right to a jury determination regarding forfeiture of property. *See United States v. Libretti,* 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection"). Thus, Rule 32.2 provides for each party's right to a jury determination on the forfeiture of any *specific* property.

5

guilty verdict. Therefore, the United States requests that the Court ask the defendant, prior to the commencement of jury deliberations, if not sooner, whether he will seek a forfeiture jury determination. *See* Rule 32.2(b)(5)(A). The United States will not request a jury determination.

Rule 32.2 further provides:

> If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

Fed. R. Crim. P. 32.2(b)(5)(B).

It is not necessary for the jury to determine the extent of the defendant's interest in the property; that issue is left for the ancillary proceeding. It is the duty of the jury solely to determine whether the United States has established the requisite nexus between the property alleged to be subject to forfeiture and the offenses for which the defendant was found guilty.

Because forfeiture is an aspect of sentencing, the United States need only prove the elements of forfeiture by a preponderance of the evidence. *See United States v. Dicter*, 198 F.3d 1284, 1289-90 (11th Cir. 1999) (elements of forfeiture under 21 U.S.C. § 853(a)(1) and (a)(2) must be proven under the preponderance standard); *United States v. Hasson*, 333. F.3d 1264, 1278 (11th Cir. 2003) (extending preponderance standard to forfeiture cases under 18 U.S.C. § 982(a)(1)).

Moreover, the post-*Libretti* changes to federal sentencing law do not impact forfeiture. *See United States v. Booker*, 543 U.S. 220, 258 (2005) (18 U.S.C. § 3554, the provision in the Sentencing Reform Act which requires the district court to enter an order of criminal forfeiture at sentencing, is "perfectly valid"). This is so because, as the United States Court of Appeals for the Second Circuit observed, *Booker* "prohibit[s] a judicial increase in punishment beyond a previously specified range; in criminal forfeiture, there is no previously specified range." *United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir. 2005) (holding that the Supreme Court's decisions in *Blakely* and *Booker* did not change the preponderance standard established in *Libretti*). The Eleventh Circuit has held that the preponderance standard applies to forfeiture proceedings and that forfeiture proceedings are outside the *Apprendi* analysis. *United States v. Cabeza*, 258 F.3d 1256, 1257 (11th Cir. 2001) (per curiam) ("Because forfeiture is a punishment and not an element of the offense, it does not fall within the reach of *Apprendi*.").

Even where the jury right is invoked with regard to forfeiture of property, ultimately it is the Court that orders the forfeiture. Accordingly, it is logical that, when the jury is retained for forfeiture purposes, the jury must answer questions which will allow the Court to enter the order of forfeiture for the specific property. Thus, if the defendant seeks a jury determination on the specific property to be forfeited, the jury would be required to answer questions that would allow the Court to enter the order of forfeiture. *See United States v. Amend*, 791 F.2d 1120, 1128 (4th

Cir.), *cert. denied*, 479 U.S. 930 (1986) (appellate court affirms method by which jury determined forfeitability; jury answered questions whether property acquired through criminal enterprise but trial court entered order of forfeiture); *United States v. L'Hoste*, 609 F.2d 796, 813-14 (5th Cir.), *cert. denied*, 449 U.S. 833 (1980) (forfeiture order is mandatory once jury determines essential factual issues required for forfeiture).

      Because the jury resolves the factual elements necessary for a forfeiture order to be entered but the Court enters the order, the jury should not be advised of the ramifications of its decision, just as a jury is not advised of the ramifications of a verdict of guilt or innocence. Here, the portion of the Superseding Indictment entitled "Forfeiture" merely provides the defendant with the required statutory notice that the United States seeks to forfeit his property in accordance with the applicable statute. *See* Fed. R. Crim. P. 32.2(a), *Advisory Committee Notes*. For the reasons stated above, the portion of the Superseding Indictment entitled "Forfeiture" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury, until after the issue of innocence or guilt is decided. Hence, bifurcated proceedings are required. Fed. R. Crim. P. 32.2(b)(1).

## IV. <u>Conclusion</u>

      In conclusion, should the defendant request a jury determination on the forfeiture after conviction pursuant to Rule 32.2(b)(5) and the Court determine that such a determination is required, the government requests that the Court:

8

(1) instruct the jury on the issue of forfeiture after the jury has returned a guilty verdict on any or all of Counts One through Five of the Second Superseding Indictment;

(2) allow Jury Instructions regarding property subject to forfeiture and burden of proof;

(3) allow bifurcated argument on the forfeiture issue; and

(4) provide the jury with a Special Verdict for Forfeiture as proposed by the government.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   *s/Suzanne C. Nebesky*
        SUZANNE C. NEBESKY
        Assistant United States Attorney
        Fla. Bar No. 59377
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602
        Tel: (813) 274 6000
        E-mail: suzanne.nebesky@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

        *s/Suzanne C. Nebesky*
        SUZANNE C. NEBESKY
        Assistant United States Attorney