UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No.: 8:21-CR-348-T-SCB-SPF |
| v. ) | |
| ) | |
| JEREMY BROWN ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S NOTICE OF POTENTIAL USE OF HEARSAY**

The United States of America hereby responds to the Defendant's Notice of Potential Use of Hearsay (Doc. 260). For the reasons stated below, the United States respectfully requests that, prior to trial, the Court require the Defendant to proffer additional evidence to elucidate the relevance of the recording and related evidence before permitting the Defendant to introduce the recording at trial. To the extent that the Defendant is unable to proffer sufficient evidence to satisfy Federal Rules of Evidence 104(b) and 403, the Court should exclude the recording. If the Court determines that the recording is relevant and admissible, the United States respectfully submits that the recording should be admitted in its entirety under the Rule of Completeness.

**I.   Legal Standard**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that

the fact does exist." Fed. R. Evid. 104(b). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

II. **Additional evidence is necessary to determine if the recording and other evidence related to the Defendant's interactions with law enforcement before September 30, 2021 are admissible.**

The Second Superseding Indictment in this case alleges that the Defendant possessed firearms, grenades, and classified information that federal agents located in his residence and R.V. on September 30, 2021. Thus, the jury will be asked to determine whether the Defendant knowingly possessed those items on September 30, 2021.

The Defendant seeks to introduce an approximately 20-minute recording, from December of 2020, that has no bearing on the issues presented at trial. A draft transcript of that recording is attached hereto as Exhibit 1. During the recording, two Homeland Security Investigations Special Agents spoke to the Defendant in order to determine, based on information that had been provided to them, whether the Defendant was "trying to recruit people for civil war," and whether he intended to harm himself or others. *See* Exhibit 1 at 2-3. The meeting was cordial, and the agents informed the Defendant that, based on their conversation, they did not believe he was a threat and would close the matter. *Id.* at 10. The agents also asked the Defendant whether he would be willing to let them know if there was any "pending, imminent

situation" in Tampa relating to domestic terrorism, and stated that they might be able to pay him for providing information that prevented a violent attack. *Id.* at 7.

On January 6, 2021, the Defendant participated in the events at the United States Capitol as a members of the Oath Keepers' group. That day, the same two agents called the Defendant to determine whether he knew anything about the riots, and he stated that he was at the U.S. Capitol. Sometime after January 6, the Defendant published the recording of the December 2020 meeting and spoke publicly about his meeting with the agents.

It is the understanding of the United States that the Defendant intends to offer evidence about this series of events in support of his theory that agents of the Federal Bureau of Investigation planted live military grenades and 17-year-old classified information in his R.V. In order to thread that needle, the Defendant needs to satisfy Rule 104(b), which requires that he introduce sufficient evidence from which a jury could find that the December 2020 meeting could be relevant to the September 2021 search. The Defendant faces several hurdles that he must clear to make this showing.

First, the agents with whom the Defendant met in December of 2020 were not present at the search warrant at the time that any of the relevant items were found. As the Defendant is well aware, these agents arrested him and were transporting him to jail at the time that different agents were searching his residence and R.V. The two agents did not arrive back at the search scene until the search was nearly over and the illegal firearms, grenades, and classified information had already been located, photographed, and removed by other agents. Thus, the two agents did not play any

3

role in the location, recovery, or transportation of the relevant items of evidence in this case.

Second, neither party intends to call either of these agents to testify at trial. The United States does not intend to call them as witnesses because, not being present at the search, they have nothing relevant to offer. And the Defendant has not listed them as witnesses either.[1] Even were they to testify, it is not apparent how the December 2020 meeting and subsequent events are relevant, but their entire absence from this trial underscores the side-show nature of this evidence.

And third, the Defendant has not proffered any evidence – and the United States is not aware of any – that would suggest that his pre-search antics provided a motive for anyone in law enforcement to plant evidence in his home or RV. Rather, he relies on rank speculation that his publication of the recording of the December 2020 meeting somehow motivated the two agents to retaliate against him, and that they somehow caused other agents to plant evidence in his R.V. The recording shows that the meeting was very cordial and was just one of nineteen similar interviews that the agents had conducted. *See* Exhibit 1 at 8. Absent direct or circumstantial evidence to support his theory of motive, this type of baseless conjecture is insufficient to satisfy Rule 104(b).

Finally, to the extent that the Defendant could satisfy Rule 104(b) – and it does not appear that he can – he must still satisfy Rule 403's balancing test. Permitting the

---

[1] The United States does not intend to call either of these agents in its case in chief, and will only call them if necessary to rebut the Defendant's mischaracterization of the December 2020 meeting.

Defendant to present evidence relating to the December 2020 meeting, the January 6 riots, and his subsequent publication of the meeting presents a real risk of turning this straightforward search warrant trial into a confusing morass. For example, if the Defendant introduces or testifies about his December 2020 meeting with the agents, the United States will have to introduce evidence showing that – in contrast to what the Defendant stated in the recording – the Defendant was, in fact, attempting to recruit and train individuals for civil war at the time of the meeting, was also hosting meetings of the Oath Keepers in Tampa, and was building an arsenal in his residence. This line of evidence also threatens to make the Defendant's actions on January 6 a central issue in this case, requiring those actions to be litigated here instead of in his pending Washington, D.C. case. Indeed, it is these facts – the Defendant's recruitment and training of others and his attendance at the January 6 riots – that ultimately led law enforcement to return to the Defendant's residence with arrest and search warrants on September 30, 2021, and not anything related to the December 2020 recording.

      For these reasons, the United States respectfully requests that, prior to trial, the Court require the Defendant to proffer how he will introduce sufficient evidence to make the December 2020 meeting and subsequent pre-search events a relevant to the issues to be decided by the jury at trial.[2] If the Defendant is unable to make such a

---

[2] The United States defers to the Court as to whether to conduct this proffer in open court or *ex parte*. The United States simply believes that the Court ought to ensure that the defense's proffered evidence is sufficient to satisfy the legal standards cited herein, and will not devolve into an irrelevant, confusing, time-wasting circus.

showing, given the lack of any probative value of this evidence and the risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time, the Court should exclude this evidence.

### III. To the extent that the Court determines that this evidence is admissible, the United States submits that the December 2020 recording should be introduced in its entirety.

"Under the common law rule of completeness, an opponent against whom a part of an utterance is admitted may complement it by submitting the remainder, in order to give the jury a complete understanding of the 'total tenor and effect of the utterance.'" *United States v. Santos*, 947 F.3d 711, 729 (11th Cir. 2020) (quoting *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171-72 (1988)). Given that the Defendant is claiming that the December 2020 meeting with the agents provided such an extraordinary motive for a group of agents to conspire against him, the United States believes that it is important that the jury hear the recording in its entirety. The tone of the meeting was cordial, and the agents were laughing and joking with the Defendant throughout the recording. Permitting the Defendant to only introduce portions of the recording or to testify about the recording without allowing the jury to hear it would prevent the jury from understanding the "total tenor and effect" of the meeting. *Id.*

### IV. Conclusion

For the foregoing reasons, the United States respectfully requests that, prior to trial, the Court require the Defendant to proffer sufficient evidence under Rule 104(b) to support his theory as to why the December 2020 meeting, January 6 riots, and subsequent public commentary about these events is relevant to whether he knowingly

possessed certain items on September 30, 2021. To the extent he cannot meet that standard, the United States respectfully requests that this evidence be excluded.

                Respectfully submitted,

By:    s/ Daniel J. Marcet
Daniel J. Marcet
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa St., Suite 3200, Tampa, FL
Daniel.Marcet@usdoj.gov | (813) 274-6028

By: *s/Menno Goedman*
Menno Goedman
Trial Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave. NW,
Washington, DC 20530

7

**U.S. v. Jeremy Brown**     Case No. 8:21-CR-348-T-SCB-SPF

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Roger Futerman, Esq.

By:   s/ Daniel J. Marcet
Daniel J. Marcet
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa St., Suite 3200, Tampa, FL
Daniel.Marcet@usdoj.gov | (813) 274-6028
