UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case No: 21-cr-00348-SCB

JEREMY BROWN
_____/

### DEFENSE'S REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S NOTICE OF POTENTIAL USE OF HEARSAY

**COMES NOW, the Defendant**, Jeremy Brown, by and through undersigned counsel, hereby respectfully submits this Reply, and in support thereof submits as follows:

The Government seeks to exclude the audio-recorded conversation between the Defendant, Agent Brett Lindsey, and Agent Paul Ura on the basis that the conversation is not relevant to this case. Additionally, at pages 4-5 of the Response, the Government contends that the Defense should not be permitted to introduce *any* evidence related to that recorded conversation.

To the contrary, the relevance of the recorded conversation to the case cannot be overstated. The theory of the defense is that federal agents planted the contraband charged in Counts 3-9 during a search of

1

the Defendant's home. The motivation for planting that contraband was retaliation against the Defendant because on March 5, 2021, the Defendant publicly played the recorded conversation with the agents during a video-recorded interview with Brandon Gray that was broadcast on a video streaming site. Specifically, the Defendant discussed with Mr. Gray the conversation he had with the agents. The interview with Mr. Gray was broadcast on a video streaming site which was then pushed through to different media outlets. During the interview, the Defendant played the recorded conversation he had with the agents and he and Mr. Gray went through the conversation essentially line by line, criticizing the federal government on various issues, including the agents' attempt to solicit the Defendant to act as a confidential informant against members of the public.

The FBI became aware of this interview at least on March 19, 2021. The recording remains online for viewing to this day. After March 5, 2021, the Defendant continued to speak publicly about the recorded interview with the agents.

Courts generally should not prohibit a defendant from presenting a defense theory to the jury when some factual basis can support that theory. See United States v. Thompson, 25 F.3d 1558, 1564 (11th Cir. 1994). Furthermore, "The standard for what constitutes relevant evidence is a low one: evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence'." United States v. Tinoco, 304 F.3d 1088, 1120 (11th Cir. 2002) (citing Fed. R. Evid. 401).

Here, the evidence the Government seeks to exclude reveals the motive of the federal agents to plant contraband in the Defendant's home and RV. The public broadcast of the recorded conversation during an interview in which the Defendant disparaged the government is the factual basis to support the Defense theory that federal agents retaliated against him and planted evidence in his home and R.V.

More specifically, the motive for the federal agents to retaliate against the Defendant is established as follows: The recording includes Mr. Brown informing the agents that he was recording the conversation, to which the agents assented. Amongst other topics, the recording

reveals that the agents suggested to Mr. Brown that the government would pay him to disclose information (against other members of the public) about any pending, imminent situation, if he becomes aware of such information. Essentially, the agents proposed that Mr. Brown should work as a C.I. to reveal information about other members of the public to the government. On March 5, 2021, the Defendant publicly broadcast the interview and shared his criticisms of the situation. It is the Defense theory that these agents, the FBI, and the federal government were angry about Mr. Brown's revelation of the recording to the public, along with his comments about the government.

The Defense submits that the recorded conversation between the agents and the Defendant is admissible under Rule 807. Furthermore, it supports a crucial element of the defense theory. In U.S. v. Gonzalez, the Eleventh Circuit found reversible error where the trial court excluded evidence which provided some factual basis to support a crucial element of the defense theory. 140 Fed. Appx. 170 (11th Cir. 2005). There, the defendant was indicted (1) with Juan "Tito" Gonzalez (no relation to the defendant) and Oscar Gomez for possession with intent to distribute cocaine, and (2) with Juan "Tito" Gonzalez for conspiracy to import

cocaine into the United States. Id. at 171. The government's theory of the case was that the defendant imported cocaine and sold it to customers such as Luis Perez, who sold it to other customers. The government's case rested largely on Perez's testimony that the defendant was importing and selling the cocaine. The defense theory was that Perez implicated the defendant to protect the cocaine's alleged true supplier: Jorge Vasquez. To substantiate this theory, the defendant attempted to establish that Perez had a motive to protect Vasquez, that Vasquez previously had supplied cocaine to Perez, and that Vasquez had arranged for the importation of containers from Ecuador into South Florida while communicating with Perez. Id. at 171-72.

The district court excluded several items of evidence that were crucial to the defense theory, such as a witness' testimony that Vasquez supplied cocaine to Perez years prior, which would have supported the theory Perez was protecting Vasquez, the true supplier of the cocaine, and would have rebutted Perez's statement at trial that he had not trafficked drugs with Vasquez. Id. at 173-174.

The Eleventh Circuit found that the trial court abused its discretion in excluding testimony about a prior drug trafficking relationship

5

between Perez and Vasquez as well as other evidence suggesting Vasquez may have had the knowledge and capacity to import containers with concealed drugs in a manner similar to Gonzalez's alleged cocaine importation scheme. Id. at 175. In finding the reversible error, the reviewing court observed that this evidence would have been quite probative to the jury. Id. at 177. The evidence went to the heart of the defense and was material: without being able to show the possible drug trafficking aspect to the Perez-Vasquez relationship, Gonzalez's defense theory was much less plausible. Id. at 178.

Similarly here, the defense theory that federal agents planted evidence in his house is much less plausible without evidence of the recording that the Defendant publicly broadcast while criticizing the federal government and the fact that he was solicited by the agents in such a manner. The recording and evidence surrounding it would be probative to the jury in deciding whether or not the contraband was planted by agents of the federal government.

The Government contends that its case is solely about the search that occurred on September 30, 2021. But the search and resulting charges did not occur in a vacuum. There is a chain of events that began

on March 5, 2021 when the Defendant first played the recording publicly and then led up to the search of the house on September 30, 2021. This chain of events is crucial to the Defense's theory of the case – that the evidence was planted during that search by federal agents in retaliation against him.

Additionally, the Government submits that the recording is not relevant to the case because neither party intends to call the agents speaking on the recording. The Defense disputes that these agents are not relevant to the issues in this case. The Government has tactically chosen not to call Agent Lindsey during its case in chief, as is the Government's right to do in choosing how to present its case. One benefit of this tactic for the Government is that Agent Lindsey will not be subject to cross-examination in front of the jury. But Agent Lindsey's absence in the courtroom does not establish a lack of involvement in the case. Further, it does not mean that the Defense cannot pursue a defense which calls Agent Lindsey's (or any federal agent's) credibility into question. In particular, Agent Lindsey (a) is the lead case agent, (b) interviewed the Defendant during a recorded interview in December 2020, (c) contacted the Defendant via telephone and text on January 6,

2021, (d) arrested the Defendant at his house at the September 30, 2021 search, (e) authored a search warrant in December 2021, (f) took a buccal swab of the Defendant in court, and (g) was present at or interviewed several witnesses in the case, including as recently as November 2022. Agent Lindsey was and is an omnipresent witness in the Government's investigation of the case and the recorded conversation with him is crucial in the Defense's theory of the case.

The timing of the search does not negate the Defense theory that law enforcement planted evidence in retaliation for Mr. Brown publishing the recording. Though the conversation happened in December 2020, the publishing of the recording to the public occurred on March 5, 2021. The Government states that "the Defendant needs to satisfy Rule 104(b), which requires that he introduce sufficient evidence from which a jury could find that the December 2020 meeting could be relevant to the September 2021 search." But the Defense's position is that the recording became relevant when the Defendant played it publicly with his own criticisms on March 5, 2021. The distance in time between the first public broadcast of the interview and the search is only 6 ½ months - nowhere near remote enough to be considered irrelevant in this

case. That interview itself remained online continuously and the Defendant continued to speak publicly and give interviews on the same subject matter in the months that followed the March 2021 initial broadcast.

Excluding this evidence would affect Mr. Brown's substantial rights as to Counts 3 - 9. On those counts, the Government lacks certain corroborating evidence which is present in Counts 1 - 2 and 10 [1]. By seeking to prohibit the introduction of any evidence about the recorded interview, the Government seeks to exclude the entirety of the defense for Counts 3 - 9 in this case. As noted above, the threshold for relevance is a low one, and it is respectfully submitted that the Defense has established the relevance of this Rule 807 evidence.

In the event this Honorable Court finds that the recording is relevant and admissible, the Government has submitted that the entire recording should be played to the jury under the Rule of Completeness. The Defense is not opposed to playing the recording so long as certain unduly prejudicial statements are excluded. The statements the Defense seeks to exclude are highlighted in the attached exhibit. *Exhibit 1:*

---

[1] The Defense prefers to detail this corroborating evidence in an ex parte hearing, should this Honorable Court find that necessary.

*Transcript of Recorded Interview.* The Defense submits that Mr. Brown's statements such as "[Joe] Biden is a pedophile" and "If I wanted to hurt somebody they'd already be hurt" and "I've recently lost visitation with my 5 daughters..." and the other statements highlighted on the exhibit should be excluded pursuant to Rule 403 as the prejudicial nature outweighs the probative value.

**Wherefore,** the Defense respectfully submits this Reply and further submits that the recorded interview with the agents is relevant and admissible evidence.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing motion has been furnished by electronic filing using the CM/ECF system to all interested parties on this 30th day of November, 2022.

Respectfully submitted,

_____
Melissa A. Loesch
FL Bar No: 0884251
Roger Futerman & Associates
13620 49th Street North
Clearwater, FL 33762
Telephone: (727) 344-5511
futermanlaw@yahoo.com