UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No.: 8:21-CR-348-T-SCB-SPF |
| v. ) | |
| ) | |
| JEREMY BROWN ) | |

**UNITED STATES' NOTICE OF FILING OF SUPPLEMENTAL AUTHORITY**

The United States of America hereby files this Supplemental Authority in support of its Response to the Defendant's Notice of Use of Potential Hearsay (Doc. 272).

In *United States v. Hurn*, 368 F.3d 1359, 1363 (11th Cir. 2004), the Eleventh Circuit explained that a defendant has a constitutional "right to present evidence in his favor that has a direct bearing on a formal element of the charged offense." Such evidence must be "material in the sense of a crucial, critical, highly significant factor." *Id.* (marks omitted).

The Court further explained that "[a] defendant also has a right to introduce evidence that is not directly relevant to an element of the offense, but that makes the existence or non-existence of some collateral matter somewhat more or less likely, where that collateral matter bears a sufficiently close relationship to an element of the offense." *Id.* at 1364. The Court cited Eleventh Circuit caselaw that such evidence relating to a collateral matter could be admissible if relevant to establishing *mens rea*, or if the "government attempts to use that collateral as the basis for securing a conviction." *Id.* at 1364-65.

The Court held, however, that such a right does not extend to any and all evidence proffered by a defendant. In affirming the District Court's decision to exclude the Defendant's proffered evidence, the Court explained:

> Conversely, where the proffered evidence does not bear a logical relationship to an element of the offense or an affirmative defense, whether direct or indirect, a defendant has no right to introduce that evidence and a district court may properly exclude it. *See Ramos,* 933 F.2d 968, 974 (11th Cir.1991) (upholding district court's refusal to allow defendant to introduce evidence of a conversation between a confidential informant and allegedly corrupt DEA agents in New York because that testimony "did not link any improprieties between the [informant] and New York DEA agents to the [defendant] or the Miami DEA agents" who conducted the investigation of the defendant).
>
> Moreover, a district court may exclude evidence where the relationship between the evidence and the element of the offense or affirmative defense at issue is simply too attenuated. That is, there comes a point—and a district court is perhaps in the best position to judge this—when the chain of inferences linking evidence and the legally relevant point to be proven is simply too long, dubious, or attenuated to require that the evidence be introduced. *See United States v. Gonzalez,* 71 F.3d 819, 836 (11th Cir.1996) (upholding district court's decision to exclude testimony of an accident reconstruction expert because "whether appellant rammed the officers' car, or vice versa, was simply not adequately material to the crimes for which appellant stood charged at trial").

*Id.* at 1365-66. The Court affirmed the District Court's decision to exclude the proffered defense evidence – evidence about an obscure employment law doctrine that the Defendant proffered to show her lack of criminal intent – because the Defendant had "failed to offer the vital link in the chain that would have made that collateral matter relevant to an element of the charged [offense]." *Id.* at 1366.

               Respectfully submitted,

               By:  s/ Daniel J. Marcet
                  Daniel J. Marcet
                  Assistant United States Attorney

        Florida Bar No. 0114104
        400 N. Tampa St., Suite 3200, Tampa, FL
        Daniel.Marcet@usdoj.gov | (813) 274-6028

By:  *s/Menno Goedman*
     Menno Goedman
     Trial Attorney
     National Security Division
     U.S. Department of Justice
     950 Pennsylvania Ave. NW,
     Washington, DC 20530

**U.S. v. Jeremy Brown**               Case No. 8:21-CR-348-T-SCB-SPF

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Roger Futerman, Esq.

By:   s/ Daniel J. Marcet
Daniel J. Marcet
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa St., Suite 3200, Tampa, FL
Daniel.Marcet@usdoj.gov | (813) 274-6028
