UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    v.                                  CASE NO. 8:21-cr-348-SCB-SPF

JEREMY BROWN,

    Defendant.

## UNITED STATES' MOTION TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT AT TRIAL

The United States of America respectfully moves this Court to preclude the Defendant Jeremy Brown from introducing evidence and argument at trial that (1) the Defendant had a supposed motive or justification for possessing the classified national defense information charged in Count 10 of the Second Superseding Indictment, and (2) the firearm statutes charged in Counts 1 and 2 are inconsistent with the Second Amendment. With respect to the former, such evidence and arguments are inadmissible because they are irrelevant to the elements of Count 10 and immaterial to any cognizable affirmative defense. Additionally, both of these arguments amount to an improper effort to encourage jury nullification—which serves as an independent basis for excluding this material.

### I.    INTRODUCTION

Count 10 of the Second Superseding Indictment charges the Defendant, pursuant to 18 U.S.C. § 793(e), with the unauthorized possession and willful retention

1

of a Classified Trip Report.  Dkt. 250 at 5.  The government anticipates that the Defendant will take the stand to offer reasons and supposed justifications for his possession of the Classified Trip Report.  This belief is based on representations made by the defense during opening statements that Count 10 relates to "a document that [the defendant] *wanted to expose*" and that the defendant "fully admitted was in his possession."  Ex. A, Trial Tr. at 7:5-7:7 (emphasis added).  According to the defense, the Defendant will take the stand to "[t]alk about why he retained that physical document that he authored."  *Id.* at 7:8-7:10.

Additionally, Count 1 and 2 of the Second Superseding Indictment charge the Defendant with failing to register two firearms in violation of 26 U.S.C. § 5841.

## II.   LEGAL AUTHORITY

Irrelevant evidence is inadmissible.  Fed. R. Evid. 402.  For evidence to be relevant, the evidence (1) must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action.  *United States v. Glasser*, 773 F.2d 1553, 1559 n.4 (11th Cir. 1985).

A jury's duty is to "apply the law as interpreted and instructed by the court." *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983).  A jury's duty is to "apply the law as interpreted and instructed by the court." *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983).  To be sure, juries "sometimes assume the power of nullification." *United States v. Funches*, 135 F.3d 1405, 1408 (11th Cir. 1998).  But they have no right to.  *Id.*  In fact, the jury's decision "to refuse to apply the law as instructed

by the court . . . is in dereliction of the jury's sworn *duty.*" *Id.* (citing *Trujillo*, 714 F.2d at 105). Accordingly, "[b]ecause the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence." *Id.* at 1409.

### III. ARGUMENT

#### A. Evidence of the Defendant's supposed good intentions when possessing classified national defense information are irrelevant and should not be admitted.

Count 10 charges the Defendant with violating 18 U.S.C. § 793(e) in connection with his willful retention of the Classified Trip Report. The parties have agreed that in order to prove the Defendant guilty of this offense, the government must establish that (1) the Defendant possessed the Classified Trip Report without authorization, (2) the Classified Trip Report relates to the national defense, and (3) the Defendant willfully retained the Classified Trip Report and failed to deliver it to an officer of the United States entitled to receive it. *See* Dkt. 230-1 at 19 (joint jury instruction setting forth elements of 18 U.S.C. § 793(e)).

Notably absent from these elements is any requirement that the Defendant *intended* to harm the United States. Nor does the government need to prove that the Defendant even knew or had reason to know that his conduct would harm the United States. Consequently, evidence of the Defendant's motive, rationale, or justification for possessing the Classified Trip Report is irrelevant to the elements of this offense—

unless he is contending that he was *authorized* to possess the Report (which he has never and cannot credibly argue).

Such evidence is also not relevant to establishing that the Defendant "willfully" retained the Classified Trip Report. The Defendant either acted willfully—i.e., he knew that his conduct was generally unlawful—or he did not. His reasons or motive for so acting are irrelevant. Here, the Defendant knew that the Trip Report was classified and he knew that it was against the rules to keep classified in an unsecure RV parked alongside his home. Indeed, he placed the classified markings on the document himself, and chose to include particularly sensitive information in the Report that could jeopardize U.S. national security. The Defendant's subjective preference that some of the information in the document should have been at a different classification level – as pointed out to the jury during cross-examination of Special Agent Koundarakis – is similarly irrelevant. On these facts, the Defendant acted willfully. The Defendant's subjective belief that he had good intentions, or his preferred classification level for the information in the document, is entirely immaterial to that analysis.

The Fourth Circuit addressed this question in *United States v. Morison*, 844 F.2d 1057, 1080 (4th Cir. 1988), affirming a district court's mid-trial ruling to exclude similar evidence. As here, the defendant in *Morison* was charged *inter alia* with violating 18 U.S.C. § 793(e). The evidence at issue related to the defendant's patriotism. The district court excluded the evidence on grounds that "[p]roof of the most laudable motives, or any motive at all, is irrelevant under this statute." *United*

4

*States v. Morison*, 622 F. Supp. 1009, 1010 (D. Md. 1985).  This is because "willfulness"—the only element to which such evidence could plausibly relate—requires the government to "show a bad purpose to break the law . . . but a showing of an underlying *purpose* to damage national defense is entirely unnecessary and irrelevant." *Id.*  As the court further explained, "[i]t is irrelevant whether the defendant personally believed that the items related to the national defense, and his underlying motive is equally irrelevant." *Id.  See also United States v. Kiriakou*, 898 F. Supp. 2d 921, 926-27 (E.D. Va. 2012) (denying defendant's discovery requests "because any claim that [the defendant] acted with a salutary motive, or that he acted without a subversive motive, when he allegedly communicated NDI to journalists is not relevant to this case"); *United States v. Rosen*, 445 F. Supp. 2d 602, 626 (E.D. Va. 2006) (holding that a violation of § 793 can be "willful" even if the defendant "viewed the disclosure as an act of patriotism").

This authority is reinforced by common sense: if criminal laws that deter the unauthorized, willful retention of classified information could be defeated by a defendant's unspoken subjective intent, then the government would effectively lose its ability to control such information at all.

### B. Evidence and argument intended to induce jury nullification are improper and should be excluded.

"[T]he potential for jury nullification is no basis for admitting otherwise irrelevant evidence." *Funchesi*, 135 F.3d at 1409.  The defendant does not have a due process right to present evidence "the only relevance of which is to inspire a jury to

exercise its power of nullification." *Id.* at 1408. Rather, "[j]ury nullification verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power." *Id.* at 1409.

Here, because the Defendant's supposed salutary intentions have no relevance to any elements of the underlying offense, the primary impact of such evidence is to induce the jury to engage in potential jury nullification. This provides an independent basis for excluding this evidence. *See Posa v. United States*, 2016 WL 481883, at *7 (M.D.F.L. Sept. 14, 2016) (rejecting request to pursue argument on jury nullification "because the Court would never allow an argument based on jury nullification, as it is not a legal defense").

On the same logic, the Court should exclude arguments and statements by the Defendant that that the failure-to-register firearm statutes charged in Counts 1 and 2—specifically, 26 U.S.C. § 5841—are inconsistent with the Second Amendment and therefore cannot support a conviction. *See United States v. Willaman*, 437 F.3d 354, 356-57 (3rd Cir. 2006) (affirming order denying defendant's request to argue that the Second Amendment vitiates federal firearm statutes and equating the request with jury nullifcation). Similar arguments, such that the laws are only a "technicality" or the laws are inconsequential, should be excluded as they serve no purpose other than to encourage jury nullification.

## IV. CONCLUSION

For the reasons set forth herein, the government moves this Court to preclude the Defendant Jeremy Brown from introducing evidence and argument at trial that (1)

the Defendant had a supposed motive or justification for possessing the classified national defense information charged in Count 10 of the Second Superseding Indictment, and (2) the firearm statutes charged in Counts 1 and 2 are inconsistent with the Second Amendment.

Respectfully submitted this 7th day of December, 2022.

ROGER B. HANDBERG
United States Attorney

By: *Menno Goedman*
Menno Goedman
Trial Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 451-7626
Email: Menno.Goedman@usdoj.gov

Daniel J. Marcet
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
Email: DMarcet@usa.doj.gov