IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                             Case No.: 8:21-CR-348-T-SCB-SPF

JEREMY BROWN
_____/

## DEFENSE MOTION IN LIMINE

**COMES NOW**, the Defendant, JEREMY BROWN, by and through undersigned counsel, hereby moves this Honorable Court to prohibit the Government from inquiring of the Defendant about a specific incident of conduct that occurred when the Defendant was in the military in 2011. The Defense believes the Government intends to argue that the incident is admissible pursuant to Rule 608(b). The Defense further requests the Government to proffer outside the presence of the jury any other specific incidents of conduct that it intends to elicit on cross-examination for the purpose of attempting to attack the Defendant's character for truthfulness. This type of evidence can be highly prejudicial and it would be subject to a Rule 403 analysis. In support thereof, the Defense submits as follows:

The Defendant will be testifying at trial, and the Defense believes the Government intends to inquire about a specific incident that occurred in 2011 when he was in the military. In that incident, the Defendant uploaded pornographic material onto a military server. When the incident was investigated, the Defendant said all the pictures were of his wife. However, some of the pictures were of other women. Later, the Defendant admitted that the pictures were of his wife and other women.

1

The Defense submits that this incident is so temporally remote that, even if Mr. Brown had been convicted of some offense related to the incident, the conviction itself would generally not have been admissible. See Fed. R. Evid. 609(b) (providing that a conviction is generally not admissible when more than ten years have elapsed since the conviction and release from resulting imprisonment); See also U.S. v. Sweeting, 232 Fed. Appx. 873, 876 (11th Cir. 2007). In Sweeting, the district court refused to allow the defense to cross-examine a cooperating codefendant about a 1989 incident in which he stole marine equipment, lied in order to sell it to a pawn shop, and was later charged with dealing in stolen property. Id. at 875. On appeal, the Eleventh Circuit affirmed the district court's decision, finding that although the incident may have had some probative value as to the witness' truthfulness, it was too temporally remote to be admissible. Id. at 876. The reviewing court went on to note that the probative value of cross-examining the witness on the 1989 incident was reduced because the defendant was able to impeach the witness' truthfulness on multiple other bases. Id.

Similarly here, not only is the 2011 incident temporally remote, but the probative value of that incident is reduced because the Government will be able to cross-examine the Defendant on a much more relevant and timely incident that occurred in 2017. In 2017, when investigators came to the Defendant and inquired if he possessed the document he is charged with possessing in Count 10 – the Defendant denied possessing the document. This topic came up during the Government's case and the Defense submits that this is a more relevant basis for cross examination than the more remote incident that occurred in 2011.

Finally, the Defense is unaware of whether the Government intends to inquire about any other specific instances of conduct that could reflect on the Defendant's character for truthfulness. The Defense submits that any incidents would only be admissible if, under the balancing test of Rule 403, their probative value is substantially outweighed by the danger of unfair prejudice. The Defense requests, if the Government has some other specific incident that it has a good faith basis to ask about, that the Government first proffer this information outside the presence of the jury so that admissibility pursuant to Rule 403 can be determined.

**Wherefore,** the Defense respectfully requests that this Honorable Court grant this Motion and exclude any reference to the 2011 military incident at the trial in this matter and further to require the Government to proffer any other incidents it may wish to bring out on cross-examination.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing motion has been furnished by electronic filing using the CM/ECF system to all interested parties on this 8 day of December, 2022.

Respectfully submitted,

_____
Melissa A. Loesch
FL Bar No: 0884251
Roger Futerman & Associates
13620 49th Street North
Clearwater, FL 33762
Telephone: (727) 344-5511
futermanlaw@yahoo.com