UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

Case No.: 8:21-cr-348-SCB-SPF

v.

JEREMY BROWN

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING

The United States of America hereby files this Response in Opposition to the Defendant's Motion for Release Pending Sentencing (Doc. 314). For the reasons stated below, the United States respectfully submits that 18 U.S.C. § 3143 requires that the Court deny the Defendant's Motion.

**I.  Background**

On September 30, 2021, federal agents arrested the Defendant and executed a search warrant at the Defendant's residence and recreational vehicle (R.V.). In the bedroom of the R.V., agents located an ammunition carrier containing two M67 fragmentation grenades. On a couch in the R.V., agents located an illegal short-barrel shotgun. Next to the shotgun, agents located a briefcase. Inside the briefcase, agents located photographs and personal papers of the Defendant. Among those papers, agents found a paper copy of a classified Trip Report concerning a missing soldier that the Defendant had authored, which was marked "SECRET," as well as a C.D. marked as classified with a red "SECRET" sticker.

On October 5, 2021, the Court held a pretrial detention hearing, and ordered that the Defendant remain in custody because "the Government ha[d] proven by clear

and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other persons and the community" (Doc. 19 at 2).

On October 26, 2021, the Defendant filed a motion renewing his request for bond (Doc. 27). On November 11, 2021, the Court denied that motion (Doc. 44).

On November 19, 2021, the Defendant filed a motion for reconsideration of the Court's denial of his bond request (Doc. 49). The Court conducted three days of evidentiary hearings, and again denied the Defendant's bond request. The Court explained that the Defendant had made a "direct threat" against law enforcement prior to his arrest (Doc. 75 at 18-20). The Court also found that, after the first detention hearing, the Defendant had attempted to intimidate a federal agent who was a witness against him:

> In addition, there was more evidence that was presented to the Court through a sealed exhibit that was discussed at sidebar, which I will not reveal the specifics of that sealed exhibit, but in general terms, it was a discussion that the Defendant was having with his partner regarding her efforts to locate a witness in this case and a law enforcement officer, and then it goes beyond that: To go into that law enforcement's family, and to provide -- look for information about family members of that law enforcement agent. The Court views that as another threat to law enforcement as well as potentially an effort to tamper with witnesses in this case, which the Court takes very seriously.

(Doc. 75 at 20). The Court also pointed to the facts that the Defendant had refused to comply with a DNA search warrant and had stated that he would not comply with firearms or GPS monitoring restrictions if released on bond (Doc. 77 at 14, 19; Doc. 90 at 73, 76, 85-86).

On August 11, 2022, the Defendant filed another motion requesting that he be released on bond, arguing that he needed to be released to care for his mother (Doc.

198). The Court held another evidentiary hearing at which the Defendant and his mother testified. The Court denied the motion explaining that "Brown remains a significant threat to law enforcement" and, once again, finding "by clear and convincing evidence that there are no condition or combination of conditions of release [that] will reasonably assure the safety of any other person and the community" (Doc. 205 at 3).

On December 5, 2022, the Defendant proceeded to trial by jury. At trial, the Defendant testified, denied that he knowingly possessed the M67 fragmentation grenades, and claimed that the classified Trip Report did not contain any classified information. On December 12, 2022, the jury found the Defendant guilty of possession of unregistered firearms, possession of unregistered grenades, unlawful storage of grenades, and willful retention of national defense information, relating to the classified Trip Report. The jury acquitted the Defendant of four counts of willful retention of national defense information, relating to four electronic documents on the classified C.D.

On January 4, 2023, the Defendant filed the instant Motion for Release Pending Sentencing (Doc. 314). The Defendant argues that he needs to be released from custody pending sentencing so that he may assist his mother in preparing to move from North Carolina to Tampa.

## II.     Legal Standard

Title 18, United States Code, Section 3143(a)(1) provides that the Court "shall order that a person who has been found guilty of an offense and who is awaiting

imposition or execution of sentence, other than a person for whom the applicable guideline promulgated to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."

### III. Analysis

The Court must deny the Defendant's Motion because the Defendant has been convicted of multiple, serious federal crimes at trial and the applicable Sentencing Guidelines recommend a substantial term of imprisonment. *See* 18 U.S.C. § 3143(a)(1). For example, for the Defendant's willful retention of the classified Trip Report, he will face at least a base offense level of 24. Thus, even prior to application of the anticipated enhancements for abuse of a position of trust and obstruction of justice, and additional adjustments for grouping with the five other counts of conviction, the Guidelines recommend a period of incarceration of 51 to 63 months in prison. The recommended term of imprisonment will therefore be substantially greater than the 15 months that the Defendant has been in custody.

Moreover, nothing has changed to impact the Court's prior findings that the Defendant poses a danger if released on bond, much less to show by clear and convincing evidence that he does not pose such a danger. Indeed, the case for detention has only strengthened with the Defendant's conviction. The offenses of conviction are very serious – the Defendant possessed illegally modified firearms, stolen military explosive grenades, and a stolen classified document. He used his

4

position of trust in the U.S. Army – where he was entrusted as a weapons Sergeant and granted a top secret security clearance – to steal the grenades and classified information. And he stored these items in an unsecured manner in a residential neighborhood, putting himself, his family, and his neighbors in danger.

The Defendant's conduct at trial also supports his continued detention. The jury's verdict establishes, beyond a reasonable doubt, that the Defendant committed perjury at trial. Specifically, the Defendant testified that he had never seen the two stolen M67 fragmentation grenades that agents found in his R.V. The jury plainly disbelieved this testimony and found the Defendant guilty of knowingly possessing those grenades. The Defendant also testified that the classified Trip Report did not contain any classified information, but the jury determined that the Defendant was guilty of willfully retaining classified information. The Defendant's decision to repeatedly lie under oath underscores this Court's prior determinations that he would not likely comply with reasonable conditions of release.

Finally, while the United States recognizes the Defendant's concern for his mother's health, that factor does not overcome this Court's prior findings that the Defendant poses a danger if released on bond. Moreover, the United States notes that the Defendant's mother was able to travel to Tampa to attend the trial of this matter.

For these reasons, the United States respectfully requests that the Court deny the Defendant's Motion and order that he remain in custody.

    Respectfully submitted,

    ROGER B. HANDBERG
    United States Attorney

        By:    */s/ Daniel J. Marcet*
               Daniel J. Marcet, AUSA
               Florida Bar No. 0114104
               400 N. Tampa St., Ste. 3200
               Tampa, FL 33602-4798
               Telephone: (813) 274-6000
               E-mail: Daniel.Marcet@usdoj.gov


Menno Goedman
Trial Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 541-2147
Email: Menno.Goedman@usdoj.gov

U.S. v. Jeremy Brown     Case No. 8:21-cr-348-SCB-SPF

# CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Roger Futerman, Esq.

/s/ Daniel J. Marcet
Daniel J. Marcet
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Daniel.Marcet@usdoj.gov