UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO.: 8:21-cr-348-SCB-SPF

JEREMY BROWN,

        Defendant.
_____/

## O R D E R

Before the Court is Defendant's Motion for Release Pending Sentencing (Doc. 314) and the Government's Response in Opposition (Doc. 315). For the reasons explained below, Defendant's Motion is denied.

### I. BACKGROUND AND PROCEDURAL HISTORY

On October 5, 2021, the magistrate judge held a pretrial detention hearing, and ordered that Defendant remain in custody because "the Government ha[d] proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other persons and the community" (Doc. 19 at 2). On October 26, 2021, Defendant filed a motion renewing his request for bond and on November 11, 2021, the magistrate judge denied that motion as well. (Docs. 27, 44).

On November 19, 2021, Defendant filed a motion for reconsideration of the denial of his bond request (Doc. 49). The magistrate judge then conducted a three-day evidentiary hearing, and again, denied Defendant's bond request, explaining that Defendant had made a "direct threat" against law enforcement prior to his arrest (Doc. 75 at 18-20) and finding that, after the first detention hearing, Defendant had attempted to intimidate a federal agent who was a witness against him (*id.* at 20). The magistrate judge also pointed to the facts that Defendant had refused to comply with a DNA search warrant and had stated that he would not comply with firearms or GPS monitoring restrictions if released on bond (Doc. 77 at 14, 19; Doc. 90 at 73, 76, 85-86)

On August 11, 2022, Defendant filed another motion requesting that he be released on bond, arguing that he needed to be released to care for his mother (Doc. 198). The magistrate judge held another evidentiary hearing at which Defendant and his mother testified. The magistrate judge denied the motion, explaining that "Brown remains a significant threat to law enforcement" and, once again, finding "by clear and convincing evidence that there is no condition or combination of conditions of release [that] will reasonably assure the safety of any other person and the community" (Doc. 205 at 3).

On December 5, 2022, Defendant proceeded to a jury trial. On December 12, 2022, the jury found him guilty of possession of unregistered firearms, possession of unregistered grenades, unlawful storage of grenades, and willful retention of national defense information, relating to the classified Trip Report. He is set for sentencing on March 13, 2023.

On January 4, 2023, Defendant filed the instant Motion for Release Pending Sentencing. (Doc. 314). Defendant argues that he needs to be released from custody pending sentencing, so that he may put his affairs in order and assist his mother in preparing to move from North Carolina to Tampa, if and when her boyfriend dies. (*Id.*).

## II. DISCUSSION

Title 18, United States Code, Section 3143(a)(1) provides that the Court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." This Court can make no such finding.

Prior to trial, the magistrate judge denied Defendant's motions for pretrial release four times and found that Defendant posed a significant threat to law enforcement and that no conditions of release could assure the safety of other persons and the community. Nothing has changed to impact the findings that Defendant poses a danger if released on bond, despite Defendant now agreeing to any conditions on his release that this Court may impose. The Court acknowledges Defendant's concern for his mother's health, but that factor does not overcome the findings that Defendant poses a danger if released on bond. The Court will also note that Defendant's mother was able to travel to Tampa to attend the trial in this case.

This Court finds that the case for Defendant remaining detained has strengthened with his convictions. A jury found Defendant guilty of multiple, serious federal crimes at trial and the applicable Sentencing Guidelines recommend a substantial term of imprisonment. *See* 18 U.S.C. § 3143(a)(1). According to the Government's response, for Defendant's willful retention of the classified Trip Report, he faces at least a base offense level of 24. The Sentencing Guidelines recommend a term of 51 to 63 months of imprisonment for Defendant—prior to any enhancements and adjustments being applied. Therefore, the term of imprisonment under the advisory guidelines will be substantially greater than the

15 months that Defendant has been in custody. Because of the lengthy prison sentence he faces, there is now the additional risk of Defendant's flight.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Defendant's Motion for Release Pending Sentencing (Doc. 314) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of January, 2023.

SUSAN C. BUCKLEW
United States District Judge