UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:21-cr-348-SCB-SPF

JEREMY BROWN

**UNITED STATES OF AMERICA'S MOTION
FOR PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 844(c), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America moves for a Preliminary Order of Forfeiture for the following assets seized from the defendant at his residence on or about September 30, 2021, which are unregistered firearms possessed by the defendant, as charged in Counts One and Two of the Second Superseding Indictment, and/or were unlawfully stored explosive materials, as charged in Count Five, for which he was convicted:

(1) a CBC Industries shotgun, 410 Gauge, model SB42Y, serial number C1247014;

(2) a Palmetto Armory rifle, 5.56 caliber, model PA-15, serial number LW257921; and

(3) two military hand grenades (grenades), model M67, Lot # 7-69 COMP B MA-11-12F.

The United States further asks that the preliminary order of forfeiture become final as to the defendant at sentencing. In support of its motion, the United States submits the following memorandum of law.

# MEMORANDUM OF LAW

## I. Statement of Facts

### A. Allegations Against the Defendant

1. The defendant was charged in a Second Superseding Indictment with (1) four counts of being in possession of unregistered firearms/destructive devices, in violation of 26 U.S.C. § 5861(d), (2) one count of storing explosive material, that is two grenades, in a manner not in conformity with regulations promulgated by the Attorney General and pursuant to 18 U.S.C. § 847, in violation of 18 U.S.C. §§ 842(j), 844(b), and 27 C.F.R § 555.201, *et seq.*, and (3) five counts of unlawful retention of national defense information, in violation of 18 U.S.C. § 793(e). Doc. 250.

2. The Second Superseding Indictment also contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. §§ 793(h), 844(c), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c), among others, the United States intended to forfeit the assets identified on page one, *supra*. *Id.* at 6.

### B. Finding of Guilt

3. On December 5, 2022, a trial commenced, and at the conclusion of the trial, the jury found the defendant guilty on Counts One through Five and Ten[1] and

---

[1] The United States will not seek forfeiture of any assets under Count Ten.

not guilty on Counts Six through Nine. Doc. 305. The defendant's sentencing is currently set for March 13, 2023. Doc. 303.

## II. Applicable Law

The United States is entitled to forfeit, pursuant to 26 U.S.C. § 5872, any unregistered firearms involved in the offense from a person convicted of being in possession of those assets, in violation of 26 U.S.C. § 5861(d). In addition, the United States is entitled to forfeit, pursuant to 18 U.S.C. § 844(c), any explosive materials involved or used, or intended to be used, by a person convicted of storing explosive material in a manner not in conformity with regulations promulgated by the Attorney General and pursuant to 18 U.S.C. § 847, in violation of 18 U.S.C. § 842(j). Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of such property are governed by 21 U.S.C. § 853.

Rule 32.2(b)(1) provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crime. Fed. R. Crim. P. 32.2(b)(1). The jury's finding of guilt on Counts One through Five is in implicit finding that the firearms and grenades sought for forfeiture were involved in the offenses. Based on the facts presented at trial, the jury found the defendant guilty of possessing the CBC Industries shotgun, 410 Gauge, model SB42Y, serial number C1247014 (Count One) and the Palmetto Armory rifle (Count Two), in violation of

3

26 U.S.C. § 5861(d). Therefore, those two unregistered firearms were necessarily involved in those offenses and are subject to forfeiture. Additionally, based on the facts presented at trial, the jury found the defendant guilty of storing two military hand grenades, model M67, Lot # 7-69 COMP B MA-11-12F, in violation of Attorney General regulations (Count Five). Therefore, it follows that the two grenades were necessarily involved in that offense.

Based on the foregoing, the assets are subject to forfeiture, pursuant to 18 U.S.C. § 844(c), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c).

### III. Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 844(c), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), the Court enter a preliminary order of forfeiture for the assets identified on page one, *supra*.

The United States further requests that the preliminary order of forfeiture become final as to the defendant at sentencing.

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third-party files a claim in an ancillary proceeding under Rule 32.2(c).

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: s/ *Suzanne C. Nebesky*
SUZANNE C. NEBESKY
Assistant United States Attorney
Fla. Bar No. 59377
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Tel:     (813) 274-6000
E-mail: suzanne.nebesky@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

                                                  s/*Suzanne C. Nebesky*
                                                  SUZANNE C. NEBESKY
                                                  Assistant United States Attorney